No. 19602.

WILLIS LEVI STANMORE *v.*
THE PEOPLE OF THE STATE OF COLORADO.
(401 P.2d 829)

Decided May 10, 1965.

*En Banc.*

MR. CHIEF JUSTICE PRINGLE delivered the opinion of the Court.

WILLIS LEVI STANMORE was convicted in 1960 of robbery and conspiracy to commit robbery and was sentenced to the state penitentiary. Thereafter, he brought writ of error, pro se, to this Court. The judgment of the trial court was affirmed in an opinion written by Mr. Justice Doyle, *Stanmore v. People,* 146 Colo. 445, 362 P.2d 1042, *Cert. denied.* 368 U.S. 993, 82 S.Ct. 611, 7 L.Ed. 2d 529.

In December of 1964, Stanmore petitioned this Court for a writ of habeas corpus, contending that he had been denied right of counsel on appeal. In accordance with our practice since *Ruark v. Colorado,* 378 U.S. 585, 84 S.Ct. 1935, 12 L.Ed.2d 1042, we denied the petition for habeas corpus, but ordered the trial court in the main case to appoint counsel for Stanmore. Counsel was ordered to examine the entire record for the purpose of determining whether any reversible error occurred during the trial which was not presented to this Court on the former appeal; and, if such error did occur, to file a brief in support of his position. Counsel was further di-

rected to examine the briefs and the opinion of the Court to determine if the matters were adequately presented to this Court, and if, in his opinion they were not, to file a brief supplemental to the pro se brief. In the event counsel found no additional points of error which could have been raised, and that the points raised in the original writ of error were adequately considered, we directed him to so report. Stanmore petitioned the United States Supreme Court to grant certiorari to this ruling, but that petition was denied, *Stanmore v. Colorado,* (No. 936 Misc., OCTOBER TERM 1964, decided April 26, 1965).

In response to our order that defendant be afforded counsel, the trial court appointed one John F. Mueller, a most able and seasoned lawyer with vast experience in the field of criminal law trial practice.

Mr. Mueller, in a 19 page brief, advises us that he has made a detailed study of the entire record, including the transcript of testimony consisting of 405 typewritten pages and 1311 folios. He details all of the points raised, discusses them thoroughly, and concludes with the statement that in his opinion all points reviewable were properly presented and considered by the Court; that there were no grounds of error in addition to those presented to this Court which merited consideration, and that nothing would be gained by filing any additional briefs.

██ The matter having been presented to us in this light by the brief of the competent counsel appointed pursuant to order of this Court, we now adhere to our decision as reported in *Stanmore v. People, supra.* It is our firm conviction that while indigent defendants convicted of a crime are certainly entitled to have counsel appointed at State expense to represent them on review, *Douglas v. California,* 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811, they are not entitled to require the State to search for counsel until one is found who will contend that there was error in the trial.

██ This is in contrast to the rule which demands that everyone be afforded counsel at his trial. At the

trial, the issue is guilt or innocence, and the determination of that issue must, by constitutional right, be by a jury. On review, however, the issue is not guilt or innocence, but whether errors of law have been committed which warrant reversal of the conviction. When an able lawyer appointed by the State, after conscientious and diligent investigation, determines that no grounds of error exist, the defendant may, of course, continue to prosecute his writ of error, but not, in our view, with counsel paid for by the State. See *Ellis v. United States,* 356 U.S. 674, 78 S.Ct. 974, 2 L.Ed.2d 1060; *Hardy v. United States,* 375 U.S. 277, 84 S.Ct. 424, 11 L.Ed.2d 331. To require a lawyer to contend that errors of law occurred when he does not believe they did would be to cause him to pervert the solemn oath which he takes never to attempt to mislead the court.

*Douglas v. California, supra,* as we understand it, is grounded on the constitutional concept that a pauper convicted of a crime is entitled to the same opportunities to appeal his conviction as one who is financially able. We refuse to believe, however, that one with money can purchase, and we use the term advisedly, a lawyer to contend in this Court that certain errors of law exist when his conscience tells him they do not. Accordingly, we refuse to appoint other counsel in this case and we do reaffirm our previous judgment in this matter.