No. 21523.

CORNELIUS J. CRUZ *v.* PEOPLE OF THE STATE OF COLORADO.

(405 P.2d 213)

Decided July 6, 1965.     Rehearing denied September 13, 1965.

SAMUEL D. MENIN, for plaintiff in error.

DUKE W. DUNBAR, Attorney General, FRANK E. HICKEY, Deputy, JOHN P. MOORE, Assistant, for defendant in error.

*En Banc.*

Mr. Justice McWilliams delivered the opinion of the Court.

Cornelius Joseph Cruz was convicted of aggravated robbery and in connection therewith was sentenced to a term in the State Penitentiary. During the trial Cruz was represented by court-appointed counsel, Cruz being an indigent person and hence unable to retain counsel of his own choosing.

Pursuant to the mandate contained in *Griffin v. Illinois,* 351 U.S. 12, 76 S. Ct. 585, 100 L. Ed. 891, Cruz upon order of the trial court was thereafter given at his request a free transcript of the record of his trial, but his further request that counsel be appointed to represent him on writ of error was denied, not just by the trial court but by this court as well. Accordingly, Cruz thereafter proceeded to prosecute his writ of error in this court pro se. Upon such review the aforementioned judgment and sentence was affirmed. See *Cruz v. People,* 147 Colo. 528, 364 P.2d 561.

Some three years after his conviction was affirmed by this court, Cruz filed with the trial court a motion under Rule 35, Colo. R. Crim. P., wherein he sought to vacate and set aside the aforementioned judgment and sentence. As ground therefor, Cruz relied upon the failure of the trial court, and this court, to provide him at the expense of the State with counsel to assist him in the perfection of his writ of error. The trial court denied this motion to vacate judgment and sentence and by the present writ of error Cruz seeks reversal of the order and judgment denying his motion to vacate.

Cruz contends that under *Douglas v. California,* 372 U.S. 353, 83 S. Ct. 814, 9 L.Ed.2d 811, it was error to deny his request that he be provided with counsel to assist in the prosecution of his writ of error. To this contention the Attorney General takes no exception.

Cruz further contends, however, that this failure to provide him with counsel to represent him on writ of

error, he having made a specific request therefor, so "violated his constitutional rights" that the trial court under the circumstances committed grievous error in denying his motion to vacate and set aside the judgment and sentence. In other words, Cruz contends that this failure to appoint counsel to represent him on writ of error voids the conviction which obtained upon trial, even though at trial he was represented by court-appointed counsel. In support of his contention Cruz urges *Ruark v. Colorado*, 378 U.S. 585, 84 S. Ct. 1935, 12 L.Ed. 2d 1042. With such contention we do not agree. Furthermore, we do not believe that *Ruark v. Colorado, supra,* requires any such result as is here urged, nor does the failure to appoint counsel, as such, authorize or even permit the setting aside of a judgment and sentence under Rule 35, Colo. R. Crim. P.

A brief analysis of the several *Ruark* cases is deemed helpful in an effort to place the present controversy in proper focus. Ruark was convicted of aggravated robbery, and conspiracy to commit the same, for which he was thereafter sentenced to a term in the State Penitentiary. Upon review this conviction was affirmed. See *Ruark v. People,* 150 Colo. 289, 372 P.2d 158. Sometime later Ruark filed in this court a petition for a writ in the nature of habeas corpus, naming as the respondent therein Harry C. Tinsley, warden of the State Penitentiary. In that petition Ruark sought to be discharged and released from the State Penitentiary and as reason therefor he asserted that his request of the trial court that he be afforded court-appointed counsel to represent him on the aforementioned writ of error was denied. On February 27, 1964, this petition seeking the issuance of a writ in the nature of habeas corpus was denied by order of this court. Ruark then filed with the United States Supreme Court a petition for a writ of certiorari directed to this Court and its order of February 27, 1964, denying Ruark's petition for a writ in the nature of habeas corpus. Certiorari was granted by the United States Su-

preme Court, which body thereupon vacated the judgment heretofore entered by this court denying Ruark's petition and then remanded the cause to this court for reconsideration in the light of *Douglas v. California, supra.*

On December 14, 1964, this court by order reinstated its former judgment denying Ruark's petition for a writ in the nature of habeas corpus, and as ground therefor noted that contemporaneous with the reinstatement of that judgment this court in the so-called main case, i.e., *Ruark v. People, supra,* had as of the same date entered an order directing the trial court to appoint counsel to represent Ruark for the purpose of examining the record in order to determine whether any reversible error which was still reviewable by this court had occurred during the course of the trial which was not presented to this court on the former writ of error and also to further determine whether the matter which was raised by Ruark in his former writ of error was adequately presented. This order also directed counsel, should he discover reversible error not heretofore presented which is still reviewable, or should counsel be of the view that the points theretofore raised by Ruark, pro se, were not adequately presented, to then file a brief setting forth such error.

██ Apparently being dissatisfied with the reinstatement of our order denying his petition for a writ in the nature of habeas corpus, even though at the same time he was assigned counsel to examine the record as theretofore made upon the trial of his case, Ruark filed with the United States Supreme Court another petition for writ of certiorari which was directed to this court in connection with the aforementioned order of reinstatement. This petition for writ of certiorari was denied by the United States Supreme Court on March 15, 1965. See *Ruark v. Colorado, supra, cert. denied,* 85 S. Ct. 1032. Thus when these several Ruark matters are viewed in context, it is believed to be quite evident that *Ruark v.*

*Colorado, supra,* does not support the position here urged by Cruz, i.e., that the failure to assign him counsel upon his request therefor to represent and assist him in the prosecution of his writ of error in connection with his conviction for aggravated robbery is adequate ground to *compel* the trial court to grant his motion to vacate and set aside his judgment and sentence. The fact that Cruz was improperly denied counsel to aid and assist him in the perfection of his writ of error does not in and of itself vitiate and hold for naught the judgment and sentence theretofore imposed. Cruz is not without a remedy, however, the proper remedy being another request in the main case that he be appointed counsel to examine the record of his trial along the lines already outlined by us in *Ruark v. People, supra.* To facilitate such procedure, this court has of this date in the case of *Cruz v. People, supra,* entered an order directing the trial court, upon the request of Cruz and upon his *prima facie* showing of present indigency, to appoint counsel in that case to determine whether any reversible error which is reviewable by this Court occurred during the course of the trial which was not already presented to this Court on said writ of error and also to further examine the briefs heretofore filed by Cruz, pro se, to ascertain whether the various points raised by him therein were adequately presented. This order also includes the further direction that if counsel does in fact discover matter not heretofore presented which is reviewable, or should counsel be of the view that points heretofore raised by Cruz, pro se, were not adequately presented, that he then file a brief with this Court setting forth such error.

The foregoing procedure is consonant with that followed in *Raul Leopoldo Cruz v. People,* 157 Colo. 211, 401 P.2d 830, and *Stanmore v. People,* 157 Colo. 207, 401 P.2d 829.

Judgment affirmed.