DREW, Justice.
The petitioner in this habeas corpus proceeding asserts a deprivation of the constitutional right to counsel on appeal from his conviction of robbery because, following imposition of sentence, representation by the public defender was terminated when such counsel concluded there was no legitimate basis for appeal. Respondent takes the position that the lack of allegation or record showing of a request for other counsel on appeal forecloses this dispute following affirmance of the conviction in the appeal prosecuted by petitioner on his own behalf. Damron and Baker v. State, Fla.App., 1966, 182 So.2d 313. Petitioner’s motion for collateral relief under Rule 1, F.R.C.P., F.S.A. ch. 924 Appendix, on the grounds asserted in the petition here, has been denied. Baker v. State, Fla.App., 191 So.2d 284.
Petitioner’s contention, essentially, is that there exists the same constitutional necessity for record waiver of counsel on appeal as in the trial process. We find, however, that basic distinctions must be made, in accordance with the opinions of this Court in Bashlor v. Wainwright, Fla.1966, 189 So.2d 800. Neither the petition here nor the motion filed in the trial court sustains a claim for collateral relief because of the absence of any allegation of fact rebutting the conceded conclusion of counsel that there *291 existed no grounds for appeal, or indicating impropriety in his discharge.[1]
Writ discharged.
O’CONNELL, CALDWELL and ERVIN, JJ., concur.
THORNAL, C. J., dissents with Opinion.

. Carr v. State, Fla.App.1965, 180 So.2d 381; Stanmore v. People, Colo.1965, 401 P.2d 829. For principles governing allegation and proof of ineffective counsel generally, see State v. Barton, Fla.1967, 194 So.2d 241. Also see Richard E. Smith v. State, Fla.App., 192 So.2d 346, text beginning page 348.