Mr. Chief Justice Moore
delivered the opinion of the Court.
Plaintiff in error will be referred to as the defendant. The factual background which is involved in this proceeding has been before this court on three different occasions. Kostal v. People, 160 Colo. 64, 414 P.2d 123; Watson v. People, 155 Colo. 357, 394 P.2d 737; Kostal v. People, 144 Colo. 505, 357 P.2d 70.
Following the decision of this court in the case first cited, the defendant filed a motion under Colo. R. Crim. P. 35(b) the purpose of which was to vacate the judgment under which he is serving a life sentence for the crime of murder. His motion in substance alleges that “falsified evidence” was introduced at the trial in violation of due process of law. The alleged “falsified evidence” was an expended bullet cartridge which he alleges was substituted for the one actually found at the scene of the crime. His motion contains the following: “* * * that on trial of the cause the doctored up ‘test’ cartridge case was offered into evidence by the District Attorney, Ronald Hardesty, acting in good faith and believing that it was the expended cartridge case found at the scene of the homicide.”
The trial court, on the basis of the failure of the motion on its face to show facts which, if true, wound warrant relief, denied the motion and refused the request for appointment of counsel to represent the defendant.
 If the motion contains no allegations of facts upon which relief can be granted, there is no require *319 ment that an evidentiary hearing be had or that an attorney be appointed to represent the defendant. Brown, Jr. v. People, 159 Colo. 17, 409 P.2d 526; Saiz v. People, 156 Colo. 43, 396 P.2d 963. In the instant case the motion of defendant was fatally defective upon its face.
Miller v. Pate, 386 U.S. 1, 87 S. Ct. 785, 17 L.Ed.2d 690, which is relied on by the defendant, is clearly distinguishable on the facts. In that case it was made to appear that the prosecution deliberately misrepresented the truth and obtained a conviction “by the knowing use of false evidence.”
 Moreover, we take judicial notice of our own records from which it appears that the defendant in the case of Kostal v. People, 160 Colo. 64, 414 P.2d 123, assigned error upon admission of the shell casing in evidence, and urged at the time that it was “falsified evidence.” The trial judge properly admitted the evidence and any inferences to be drawn from the claim of defendant that it was “falsified” were resolved against him. By this proceeding the defendant is attempting a second review of matters determined with finality in Kostal v. People, supra.
The judgment is affirmed.