## No. 79SA364

## The People of the State of Colorado v. Eugene Velarde

(616 P.2d 104)

Decided August 18, 1980.                    Rehearing denied September 22, 1980.

J. D. MacFarlane, Attorney General, Richard F. Hennessey, Deputy, Mary J. Mullarkey, Solicitor General, Maureen Phelan, Assistant Attorney General, Litigation Section, for plaintiff-appellee.

J. Gregory Walta, State Public Defender, Craig L. Truman, Chief Deputy, Steven H. Denman, Deputy, for defendant-appellant.

*En Banc.*

JUSTICE LEE delivered the opinion of the Court.

Eugene Velarde was convicted by a jury of aggravated robbery and conspiracy, and his conviction was affirmed by this court in *People v. Velarde,* 196 Colo. 254, 586 P.2d 6 (1978). Velarde then filed a Crim. P. 35(b) motion to vacate his sentence. The motion was denied by the district court and Velarde has appealed from that ruling.

Velarde alleges that, as an atheist, his constitutional right to a fair and impartial jury and to due process of law was denied when the district court failed to inquire into the religious affiliations and beliefs of the prospective jurors at his trial, and when the jurors were "required" to swear an oath to God. The district court dismissed the Rule 35(b) motion without an evidentiary hearing. We affirm the district court.

It is the responsibility of an appellant to designate the record on appeal or such parts thereof as he deems necessary for his appeal and to ensure that the record is transmitted to the appellate court. *Till v. People,* 196 Colo. 126, 581 P.2d 299 (1978). *See* C.A.R. 10(b). The record before us does not include a transcript of the jury voir dire or oath-taking at Velarde's trial. The record shows that at the commencement of the jury selection the reporting of the voir dire examination was waived by agreement of both counsel.

Where, as in this case, no report of the voir dire was made at trial, and a transcript is unavailable, C.A.R. 10(c) provides that the appellant "may prepare a statement of the . . . proceedings from the best available means, including his recollection." Velarde has not provided the court with any statement of the voir dire proceedings other than to assert that the court failed to interrogate prospective jurors concerning their religious beliefs, or lack thereof, as bearing upon their ability to swear an oath

"by the everliving God." Nowhere in the record as transmitted to this court is there any suggestion that the jury selection process was not consistent with constitutional requirements. The burden is on a defendant who objects to alleged irregularities in the trial process to preserve the same for review on appeal. We agree with the conclusion of the trial court that there is no merit to appellant's argument.

■ We briefly address the substance of Velarde's arguments. First, it has consistently been held that it is within the discretion of the trial judge whether to make inquiry of the jurors on voir dire as to their religious affiliations. *See Gold v. United States,* 378 F.2d 588 (9th Cir. 1967); *Pope v. United States,* 372 F.2d 710 (8th Cir. 1967), *vacated on other grounds,* 392 U.S. 651, 88 S.Ct. 2145, 20 L.Ed.2d 1317 (1968); *Yarborough v. United States,* 230 F.2d 56 (4th Cir. 1956), *cert. denied,* 351 U.S. 969, 76 S.Ct. 1034, 100 L.Ed. 1487 (1956). Particularly in a case such as the one before us, where there is no showing that there is any issue of religious significance involved in the case and where there is no indication in the record that the jurors were even aware that Velarde was an atheist, it is not an abuse of the trial court's discretion to fail to inquire as to the juror's religious beliefs. *See* Crim. P. 24(a).

■ Second, the jurors were not required to *swear* an oath "by the everliving God" in order to serve on the jury. Section 24-12-102, C.R.S. 1973, provides that, whenever an individual is required to take an oath, "and such person has conscientious scruples against taking an oath, he shall be permitted to make his solemn affirmation or declaration . . . which solemn affirmation or declaration is equally valid as if such person had taken an oath in the usual form . . . ." It is not a violation of the first amendment establishment clause to require jurors either to take an oath *or* to affirm. *Accord, Jones v. State,* 585 P.2d 1340 (Nev. 1978); *State v. Albe,* 10 Ariz. App. 545, 460 P.2d 651 (1969); *Rocker v. State,* 240 A.2d 141 (Del. 1968). *Cf., Torcaso v. Watkins,* 367 U.S. 488, 81 S.Ct. 1680, 6 L.Ed.2d 982 (1961) (provision of the Maryland Constitution requiring a declaration of a belief in God as a qualification for public office).

■ Finally, the district court properly dismissed the Rule 35(b) motion without a hearing. Where the motion and the record of the case show, to the satisfaction of the court, that the prisoner is not entitled to relief, a hearing is not necessary. *People v. Trujillo,* 190 Colo. 497, 549 P.2d 1312 (1976); *People v. Hutton,* 183 Colo. 388, 517 P.2d 392 (1973). The issues presented by Velarde in his Rule 35(b) motion were issues of law, and thus an evidentiary hearing was not required. *People v. Trujillo, supra.*

Judgment affirmed.

JUSTICE QUINN does not participate.