Patrick S. **MURPHY**, Petitioner,

v.

**The PEOPLE of the State of Colorado, Respondent.**

**No. 92SC426.**

Supreme Court of Colorado, En Banc.

Nov. 15, 1993.

Rehearing Denied Dec. 6, 1993.

David F. Vela, State Public Defender, David M. Furman, Deputy State Public Defender, Denver, for petitioner.

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., A. William Bonner, Asst. Atty. Gen., Denver, for respondent.

Justice SCOTT delivered the Opinion of the Court.

In *Murphy v. People*, No. 91CA0616 (Colo.App. April 30, 1992) (not selected for official publication), a divided panel of the court of appeals affirmed the order of the trial court denying defendant Patrick S. Murphy's motion for postconviction relief. We granted Murphy's petition for certiorari in order to decide whether a defendant is entitled to conflict-free counsel when a trial court orders the appointment of counsel to assist the defendant. We hold that a defendant is. We reverse and return this case to the court of appeals for remand to the trial court for further proceedings.

I

In November of 1989, petitioner Patrick S. Murphy was charged in El Paso County District Court with three counts of second-degree burglary,[1] two counts of theft of a thing valued between $300 and $10,000,[2] one count of theft of a thing valued over

---

1. § 18–4–203, 8B C.R.S. (1986).

2. § 18–4–401(2)(b), 8B C.R.S. (1986).

$10,000,[3] and two counts of theft by receiving a thing valued at between $300 and $10,000.[4] One month later, the district attorney initiated a second criminal proceeding against Murphy in which he was charged with one count of second-degree burglary and one count of theft of an object valued between $50 and $300.

In January of 1990, the district attorney filed an amended information in each of the two pending criminal matters to include three habitual criminal counts [5] indicating that Murphy had previously been convicted of three additional felonies.

In March of 1990, Murphy agreed to plead guilty to one count of second-degree burglary in each of the two pending cases and to receive concurrent aggravated sentences of sixteen to twenty years on each count. In exchange for Murphy's plea, the prosecution agreed to dismiss all remaining counts in both cases, including all habitual criminal charges. On May 21, 1990, the district court sentenced Murphy to serve two concurrent sixteen-year terms. Throughout the proceedings, Murphy was represented by a staff attorney from the El Paso County Office of the Public Defender.

On February 5, 1991, Murphy filed a *pro se* Crim.P. 35(c) motion and memorandum of points and authorities requesting that the trial court vacate his conviction in both cases.[6] In his motion, Murphy asserted that he had been denied effective assistance of counsel throughout the proceedings. In substance, Murphy claimed that his attorney failed to provide him with sufficient information during the providency hearing of either the elements of burglary or of his rights under Crim.P. 11, failed to investigate the facts of the case, failed to prepare for trial, failed to challenge the excessive sentencing, and failed to file for postconviction relief. Murphy further alleged that he was "pressed" by his attorney to enter a plea of guilt, when in fact he wanted to proceed to trial. Also within his 35(c) motion to vacate, Murphy requested that the district court appoint counsel from outside of the Colorado Public Defender's Office to assist him in his action.[7]

On February 21, 1991, the district court issued an order appointing the public defender "to assist the Defendant," and purportedly denying Murphy's motion for reconsideration pursuant to the wrong subsection of the rule, Crim.P. 35(b).[8] The full text of the court's order reads as follows:

> This matter comes forward upon motion of the defendant for appointment of counsel to review and assist in preparation of a motion for relief from sentence. The Court has denied a motion for recon-

---

**3.** § 18–4–401(2)(c), 8B C.R.S. (1986).

**4.** § 18–4–410(4), 8B C.R.S. (1986).

**5.** § 16–13–101, 8A C.R.S. (1986).

**6.** Pursuant to Crim.P. 35(c), every person convicted of a crime is entitled as a matter of right to make application for postconviction review requesting that the court vacate, set aside, or correct the movant's sentence based on one of several grounds delimited in the rule. Unless the motion and the files and record of the case show to the satisfaction of the court that the prisoner is not entitled to relief, the court shall grant a prompt hearing thereon and take whatever evidence is necessary for the disposition of the motion. Crim.P. 35(c)(3).

**7.** Specifically, Murphy's request to the court states as follows:

> The position in this matter, then requires counsel from outside ... the Colorado Public Defender's Office be appointed, due to a con-

flict of interest. The statutory duties ... could not be properly discharged by the Public Defender if they were appointed as they would have to evaluate the claims of the defendant, and would further be placed in the position where they would have to argue and litigate against a member of their own firm in order to properly represent the defendant. Thus ... the court should and must appoint private counsel to represent the defendant in the course of this litigation in this court.

**8.** Crim.P. 35(b) provides in relevant part that the court may reduce a defendant's sentence on its own initiative or on defendant's motion provided that the motion is filed within 120 days after the sentence is imposed. In this case, there is no question that even had Murphy wished to file a 35(b) motion, such motion would have been barred as untimely since he was sentenced on May 21, 1990, and his motion was filed in February of 1991. *See generally Mamula v. People,* 847 P.2d 1135 (Colo.1993); *People v. Fuqua,* 764 P.2d 56 (Colo.1988).

sideration pursuant to C.R.C.P. 35(b) and that motion is not open for consideration. The Public Defender is appointed to assist the Defendant.

Noting the court's error, Murphy wrote a personal letter to the court explaining that his motion was one for postconviction relief under Crim.P. 35(c) and asking that the court reconsider his motion under the appropriate provision of the rule.

On March 14, 1991, the district court issued a written order denying Murphy's Crim.P. 35(c) motion. The three-paragraph order states in relevant part as follows:

> While the Defendant list[s] numerous case citations[,] his motion fails to allege any factual allegations in support of his motion. For instance, he was thoroughly advised by both reading of the information and a less formal explanation of the nature and elements of the crime to which a plea of guilty was entered. The defendant not only acknowledged his understanding, but affirmatively stated he had no questions.

On appeal, Murphy argued, as he does now, that the district court erred when, on February 21, 1991, it appointed the same attorney that was the principal subject of Murphy's Crim.P. 35(c) ineffective assistance of counsel motion to assist him "in preparation of a motion for relief from sentence." In effect, Murphy explained, the district court's appointment required that the Public Defender litigate the claim against himself, causing an incurable conflict of interest. Additionally, Murphy argued that his motion put forth sufficient factual allegations such that the district court erred in not granting his request for an evidentiary hearing.

A divided panel of the court of appeals affirmed the order of the district court, holding that the district court's ruling on the merits of Murphy's motion rendered the question of defendant's right to conflict-free representation moot. *People v. Murphy*, No. 91CA0616 (Colo.App. April 30, 1992) (not selected for official publication). In reaching this conclusion the court cited *Kostal v. People*, 167 Colo. 317, 447 P.2d 536 (1968), for the proposition that

where a motion contains insufficient factual allegations, there is no requirement that an attorney be appointed to represent the defendant. Thus, because Murphy had no right to the appointment of counsel, the court concluded that the issue of whether his appointed attorney was conflict-free was irrelevant to resolution of the Crim.P. 35(c) motion. Similarly, with regard to Murphy's contention that he was entitled to an evidentiary hearing to present his motion, the court of appeals held that Murphy's motion failed to provide sufficient supporting averments to avoid summary denial. Specifically, the court found that Murphy "did not indicate what material facts would have been discovered by [additional] investigation or trial preparation or how [Murphy] had been prejudiced by the alleged failure." Finally, based on Murphy's failure to provide the court of appeals with a transcript of the providency hearing, the court refused to overturn the district court's finding that Murphy was thoroughly advised of the nature and elements of the crime to which Murphy pleaded guilty. In dissent, Judge Tursi argued that the appearance of a conflict of interest here, especially when compounded by the failure of the public defender to present an adequate record for appellate review, required that the case be remanded for the appointment of conflict-free counsel to assist Murphy in the refiling and presentation of his motion.

We granted certiorari to review the following issue:

> Whether the court of appeals erred in affirming the trial court's appointment of the trial attorney to assist petitioner in the Crim.P. 35(c) proceeding, who was the subject of petitioner's ineffective assistance of counsel claim, and of subsequently denying petitioner a hearing on the Crim.P. 35(c) motion.

We now reverse and remand to the court of appeals with directions that it remand the matter to the district court for the purpose of appointing conflict-free counsel.

## II

In determining that the question of conflict-free counsel was moot, the court of

appeals reasoned that Murphy was not entitled to the assistance of appointed counsel since the trial court correctly determined that Murphy's claims were not supported by sufficient factual allegations to trigger the statutory right to such assistance, i.e., since Murphy had no right to counsel in the first place, it was immaterial that the counsel who was appointed may have had an incurable conflict of interest. Additionally, the court of appeals held that the trial court was correct in determining that Murphy's motion was factually insufficient to require an evidentiary hearing.

▮▮▮▮ We find it unnecessary to address the adequacy of Murphy's motion. Whether or not Murphy's 35(c) motion was sufficiently specific to trigger the right to counsel, it cannot be disputed that the district court, by its own action, ordered the appointment of the same attorney that had represented Murphy in the proceedings below.[9] By making such an appointment, the district court created a situation where appointed counsel was forced to litigate against himself, clearly causing an impermissible conflict of interest.[10] *See McCall v. District Court*, 783 P.2d 1223, 1227 (Colo.1989) ("A local public defender faced with the prospect of arguing his or her own incompetence to protect a client's interests on appeal clearly has a conflict of interest requiring disqualification." [11]); *accord Riley v. District Court*, 181 Colo. 90, 507 P.2d 464 (1973) (ruling that where a defendant alleged his guilty plea was caused by his attorneys' ineffective assistance, those same attorneys could not represent the defendant in the Crim.P. 35(b) proceeding alleging ineffective assistance). Not only does such a conflict harm the interests of the client, who is entitled to the assistance of a zealous advocate,[12] *see Cruz v. People*, 157 Colo. 479, 405 P.2d 213, 215 (1965) (describing the duties required of appointed counsel in a Crim.P. 35 motion), but the integrity of the entire judicial process is drawn into question. *See* Canon 9 of the Code of Professional Responsibility ("[a] lawyer should avoid even the appearance of professional impropriety." [13]); *McCall*, 783

9. We do not intend to suggest that defendants have a right to counsel to assist with 35(c) motions. But for purposes of our review, since the state does not question the propriety of the court's February 21, 1991 order appointing counsel, we assume that the district court has the authority to appoint counsel in Crim.P. 35(c) proceedings. This authority has been implied from the statutory language of § 21–1–103(1) and § 21–1–104, 8B C.R.S. (1986). Section 21–1–103 states that the public defender shall represent indigent persons under arrest or charged with a felony if the defendant requests it or the court so orders. Section 21–1–104 defines the duties of the public defender to include the "prosecut[ion] [of] any appeals or other remedies before or after conviction that he considers to be in the interest of justice." *See Brinklow v. Riveland*, 773 P.2d 517, 521 (Colo.1989); *People v. Duran*, 757 P.2d 1096, 1097 (Colo.App.1988); *People v. Naranjo*, 738 P.2d 407, 409 (Colo.App. 1987).

10. We recognize, of course, that a litigant may be allowed to waive the right to conflict-free representation upon full disclosure by counsel. *See People v. Castro*, 657 P.2d 932, 945–46 (Colo. 1983). There is no contention before us, however, that Murphy waived his right to conflict-free representation, and in any case such an argument would be unpersuasive because Murphy's Crim.P. 35(c) motion explicitly requests the appointment of counsel from outside of the office of the public defender.

11. In *McCall* we applied the concept of imputed disqualification to hold that the district court abused its discretion by denying the request of the appellate division of the public defender to withdraw from representing the defendant, whose claim of ineffective assistance of counsel was based on the actions of the deputy public defender in Grand Junction. In the instant case, the petitioner was represented by the appellate division of the public defender in both the court of appeals and before this court.

However, unlike the situation faced by the appellate public defender in *McCall*, the public defender here is not arguing the merits of the petitioner's claim that his trial counsel provided ineffective representation. For that reason, and because neither the public defender nor the petitioner have sought appointment of different counsel in the court of appeals or before this court, we find no error in the trial court's appointment of the appellate division of the public defender to represent petitioner on appeal.

12. The record is silent as to whether appointed counsel provided any assistance to Murphy. It is clear, however, that counsel did not file any supplemental motions to elaborate on Murphy's pro se motion for postconviction relief.

13. While we hold that the trial court erred by appointing the same counsel who was the subject of Murphy's 35(c) motion, we also seriously question the conduct of defense counsel. In

P.2d at 1228 (even where counsel are from different public defender offices, "the conflict of loyalties inherent in the attorney's role would make the quality of his or her representation, and thus the fairness and impartiality of the appellate process, necessarily suspect in the public eye"). Thus, due to the inherent conflict of interest as well as the appearance of impropriety, we hold that the district court erred in appointing the public defender who represented Murphy in the trial below to assist in the litigation of Murphy's postconviction proceedings.

Because we have reversed the judgment of the court of appeals and remanded the matter to the trial court for appointment of counsel to assist Murphy in the presentation of his 35(c) motion, it is not necessary for us to determine whether defendant was entitled to an evidentiary hearing to present his motion.

## III

Accordingly, the judgment of the court of appeals is reversed and this case is returned to the court of appeals with directions to remand the case to the district court with instructions to vacate its order denying Murphy's 35(c) motion and to appoint conflict-free counsel to assist Murphy, if appropriate, in the refiling and presentation of his Rule 35(c) motion.

VOLLACK, J., dissents, and ROVIRA, C.J., joins in the dissent.

particular we are concerned with the failure of appointed counsel to file a motion to withdraw from the case and counsel's decision to *not* file any supplemental motions or designate an adequate record. While a conflict may otherwise be debilitating, when defense counsel cannot serve as an advocate for his or her client then withdrawal is preferred over silence and inaction. *See* DR 2–110(B), 7A C.R.S. (1990) (a lawyer "shall withdraw from employment, if ... [h]e knows or it is obvious that his continued employment will result in violation of a Disciplinary Rule"); DR 5–101(A) ("Except with the consent of his client after full disclosure, a lawyer shall not accept employment if the exercise of his professional judgment on behalf of his

Justice VOLLACK dissenting:

The majority holds that the defendant is entitled to conflict-free counsel, and therefore reverses and returns the case to the court of appeals for remand to the trial court with instructions to vacate its order denying Murphy's 35(c) motion and to appoint conflict-free counsel to assist the defendant in the filing and presentation of a Crim.P. 35(c) motion.

My disagreement with the majority does not rest at the level of principle. I agree that a defendant's right to conflict-free counsel should be prudently protected. The majority believes under the facts of this case that remanding to the trial court to appoint conflict-free counsel is necessary. I disagree.

In my view, Murphy's substantive rights were not adversely affected so that the trial court's oversight in failing to appoint conflict-free counsel to assist Murphy is harmless error. In requiring the trial court to vacate its order denying Murphy's 35(c) motion, the majority opinion does not address what facts establish that the trial judge abused his discretion in evaluating the merits of the post-conviction relief motion.

I dissent from the majority because I believe that the court of appeals correctly reasoned that the trial court's ruling on the merits of Murphy's motion rendered the question of defendant's right to conflict-free representation moot. Even though the trial judge failed to appoint conflict-free counsel to represent Murphy at his 35(c) motion, the trial court's denial of Murphy's 35(c) motion for post-conviction relief

client will be or reasonably may be affected by his own financial, business, property, or personal interests"); DR 5–101(B) ("A lawyer shall not accept employment in a contemplated or pending litigation if he knows or it is obvious that he or a lawyer in his firm ought to be called as a witness...."); *see also* Colorado Rules of Professional Conduct 1.7 and 1.16, 7A C.R.S. (1992 Supp.) (effective January 1, 1993) (a lawyer "shall not represent a client if the representation of that client may be materially limited by the ... lawyer's own interests ...," and a lawyer shall withdraw from the representation of a client if the representation will result in violation of the rules of professional conduct or other law).

without holding a hearing was not an abuse of discretion.

## I.

The following review of the record is necessary to understand the issue.

Petitioner, Patrick S. Murphy (Murphy), was charged in an information with three counts of second-degree burglary,[1] three counts of theft,[2] and two counts of theft by receiving.[3] One month later, in a second criminal proceeding, Murphy was additionally charged with one count of second-degree burglary and one count of theft. The district attorney also filed an amended information in each of the two pending criminal cases charging him with three habitual criminal counts.

Thereafter, pursuant to a plea agreement whereby the prosecution agreed to dismiss all the remaining counts in both cases, including the habitual criminal charges, the defendant agreed to plead guilty to one count of second-degree burglary in each case and to receive concurrent aggravated sentences of sixteen to twenty years on each count.[4] In accordance with the plea agreement, the district court sentenced Murphy on May 21, 1990, to serve two concurrent sixteen-year terms. The defendant avoided a potential mandatory sentence of life imprisonment without the benefit of parole, probation, or suspension of sentence.[5] Throughout the proceedings, Murphy was represented by an attorney from the El Paso County Office of the Public Defender.

On February 5, 1991, Murphy, filed a *pro se* Crim.P. 35(c) motion and memorandum of points and authorities requesting the trial court to vacate his guilty plea and sentence in each case. In his motion for post-conviction relief, Murphy alleged that he had been denied effective assistance of counsel throughout the proceedings and that he had entered his guilty plea involuntarily. To support his claim for ineffective assistance of counsel, Murphy claimed that the public defender made the following alleged errors:

(1) The public defender did not adequately advise him during the providency hearing of either the elements of burglary or of his rights under Crim.P. 11.

(2) The public defender was not prepared for trial.

(3) The public defender failed to investigate the facts of the case.

(4) The public defender failed to challenge the excessive sentence.

(5) The public defender failed to file for post-conviction relief.

Murphy further alleged that, had he proceeded to trial, he would have been found not guilty but, instead, he was "pressed" by his attorney to enter a plea of guilty. Murphy also requested the appointment of counsel other than the public defender's office to assist with his 35(c) motion. In support of his request for appointment of counsel, Murphy filed an affidavit which stated, in relevant part:

Affiant will require the assistance of private counsel in this ... matter, as there is a conflict of interest between the affiant and the office of the Colorado State Public Defenders Office. The nature of this conflict surrounds the fact that the Public Defender will be ... [a] material witness during the hearing in this ... matter ... as they were involved in the entry of [the] guilty plea [by] the affiant and they were the attorney of

---

1. § 18–4–203, 8B C.R.S. (1986).

2. § 18–4–401(2)(b), (c), 8B C.R.S. (1986).

3. § 18–4–410(4), 8B C.R.S. (1986).

4. The record on appeal does not include a transcript of this hearing. The minute orders, included within the record, show that, at the hearing, the defendant was present with counsel and was advised on the plea of guilty to second degree burglary, a class 4 felony, and a sentence

from sixteen to twenty years if the court accepted his plea.

5. At the present time, Murphy is thirty-two years old. If he were convicted on the habitual counts, parole eligibility would attach only after he served a minimum of forty calendar years. *See* § 16–13–101(2.5), 8B C.R.S. (1986 & 1993 Supp.).

record in those matters which are collaterally attacked.

On February 21, 1991, the trial court issued an order denying Murphy's motion for reconsideration of sentence pursuant to Crim.P. 35(b).[6] The trial court misconstrued Murphy's motion as a Crim.P. 35(b) motion and appointed the same public defender who represented him throughout the proceedings to assist him in future proceedings. The trial court issued the following order:

> This matter comes forward upon motion of the defendant for appointment of counsel to review and assist in preparation of a motion for relief from sentence. The court has denied a motion for reconsideration pursuant to C.R.C.P. [sic] 35(b) and that motion is not open for consideration.
>
> The Public Defender is appointed to assist the Defendant.

On March 7, 1991, the defendant, in a personal letter, notified the trial court that it had misinterpreted his Crim.P. Rule 35(c) motion for post-conviction relief as a Crim.P. Rule 35(b) motion for reconsideration. In his letter, Murphy noted that, even if he had wanted to file a 35(b) motion, it would have been time-barred since "1. It was past the 120 day limit. 2. It would serve no purpose on which I am trying to get the court to recognize. 3. Being that the guilty plea was entered under a plea bargain (AGAINST MY WISHES)." Murphy requested that the court reconsider his motion under the appropriate provision of the rule but failed to object to the trial court's appointment of the public defender at any point in his letter.

On March 14, 1991, the same trial judge who had accepted the plea bargain, sentenced Murphy, and presided over the providency hearing denied the Crim.P. 35(c) motion without holding an evidentiary hearing, based on Murphy's failure to provide a sufficient factual basis for the motion. The issued order states in relevant part as follows:

> While the Defendant list[s] numerous case citations[,] his motion fails to allege any factual allegations in support of his motion. For instance, he was thoroughly advised by both reading of the information and a less formal explanation of the nature and elements of the crime to which a plea of guilty was entered. The defendant not only acknowledged his understanding, but affirmatively stated he had no questions.

On appeal, Murphy raised the same contentions concerning his right to conflict-free representation which he raises now. Murphy argued that the district court erred on February 21, 1991, in appointing the public defender to assist him in his motion for post-conviction relief who was also the subject of Murphy's Crim.P. 35(c) ineffective assistance of counsel motion. Murphy asserted that the trial court's appointment resulted in the public defender's litigating the claim against himself, thus causing an incurable conflict of interest.

The court of appeals, in a 2–1 unpublished decision, affirmed the trial court's order denying Murphy's Crim.P. 35(c) motion for post-conviction relief. The court held that the trial court's ruling on the merits of Murphy's motion rendered the question of defendant's right to conflict-free representation moot. *People v. Murphy*, No. 91CA0616 (Colo.App. Apr. 30, 1992). In its determination, the court of appeals relied on *Kostal v. People*, 167 Colo. 317, 447 P.2d 536 (1968), which held that, if a motion contains insufficient factual allegations, there is no requirement that an attorney be appointed to represent the defendant. The court of appeals, therefore, concluded that Murphy's right to conflict-free representation was immaterial since the trial court correctly decided that Murphy's motion was not supported by sufficient factual allegations to warrant his right to the assistance of appointed counsel.

---

**6.** Crim.P. 35(b) allows the court to reduce a defendant's sentence on its own initiative or on defendant's motion, provided that the motion is filed within 120 days after the sentence is imposed.

The court of appeals also found unpersuasive Murphy's contention that the trial court erred in ruling on his motion without first holding an evidentiary hearing. The court of appeals, agreeing with the trial court, concluded that Murphy's motion was factually insufficient to require an evidentiary hearing since he "did not indicate what material facts would have been discovered by [an additional] investigation or trial preparation or how [Murphy] had been prejudiced by the alleged failure." *Murphy*, No. 91CA0616, slip op. at 2. Finally, based on Murphy's failure to provide the court of appeals with a transcript of the providency hearing, and given that the same trial court judge presided throughout all the proceedings, the court determined that Murphy had failed to establish that the trial court's denial of his motion was an abuse of discretion.

We granted Murphy's petition for certiorari, in part, to review the court of appeals' determination that a defendant's right to conflict-free counsel is rendered moot when the trial court properly rules on the merits of a Crim.P. rule 35(c) post-conviction motion.[7]

## II.

I dissent from the majority because I believe that the court of appeals correctly reasoned that, where a defendant's allegations are factually insufficient to require a hearing on a 35(c) motion, a defendant's right to conflict-free representation is rendered moot since the defendant is not entitled to the assistance of appointed counsel in the first place. I further conclude that the trial judge did not abuse his discretion in denying Murphy's Crim.P. 35(c) motion.

Criminal defendants are guaranteed a right to appointed counsel under both the United States and Colorado Constitutions. *Martinez v. People*, 173 Colo. 515, 519, 480 P.2d 843, 845 (1971). As the United States Supreme Court in *Pennsylvania v. Finley*, 481 U.S. 551, 557, 107 S.Ct. 1990, 1994, 95

L.Ed.2d 539 (1987), has stated, however, "States have no obligation to provide [post-conviction] relief, ... and when they do, the fundamental fairness mandated by the Due Process Clause does not require that the State supply a lawyer as well." Thus, no sixth amendment right to counsel attaches for indigents seeking state post-conviction relief. *Finley*, 481 U.S. at 555–58, 107 S.Ct. at 1994. This court has held that there is no constitutional right to counsel in "habeas corpus" actions. *Brinklow v. Riveland*, 773 P.2d 517, 521 (Colo.1989). In *Brinklow*, the court extended its vision beyond habeas corpus actions and held that the right to counsel also does not attach in Rule 35(c) post-conviction proceedings if the claim is "wholly unfounded." *Id.* at 521; *Kostal v. People*, 167 Colo. 317, 318–19, 447 P.2d 536, 537 (1968) ("If the motion contains no allegations of facts upon which relief can be granted, there is no requirement that an evidentiary hearing be had or that an attorney be appointed to represent the defendant.").

Murphy, consequently, had no right to counsel in his post-conviction proceedings. The majority opinion, in holding that Murphy is entitled to conflict-free representation adopts a construction which creates a result that is inconsistent with common sense and precedent, since, in effect, Murphy is not entitled to court-appointed representation.

I concede that, by appointing counsel, the trial court erred in failing to appoint conflict-free counsel. I find such error, however, harmless because Murphy's substantive rights were not adversely affected since his claims were wholly unfounded. Any error in appointing an attorney with a conflict of interest, therefore, was rendered moot.

Murphy filed a 35(c) motion to set aside his plea of guilty based on inadequate assistance of counsel and insufficiency of his Crim.P. Rule 11 advisement. Murphy makes a blanket statement that counsel

---

7. This court denied certiorari review on the following issues: Whether the state and federal constitutions entitle defendants to conflict-free appointed counsel in a Crim.P. 35(c) proceed-ing; and, whether C.A.R. 35(f) requires a majority of judges at the court of appeals, and not a single panel, to consider publication of each case prior to the decision.

was ineffective but fails to provide any factual allegations that would satisfy an ineffective assistance of counsel claim. He merely states that the "files, records and minutes" of the cases and the "[o]ral testimony from an expert witness, who will have to be appointed by the court" contain the facts that support his allegations. The record, nevertheless, supports the finding of the trial court that his motion lacked any factual allegations to support his motion.

It is a well established principle of appellate review that "[the reviewing] court must presume that the trial court's findings and conclusions are supported by the evidence where the appellant has failed to provide a complete record on appeal." *People v. Morgan*, 199 Colo. 237, 242–43, 606 P.2d 1296, 1300 (1980); *Kailey v. Colorado State Dep't of Corrections*, 807 P.2d 563, 567 (Colo.1991) (quoting *Lamb v. People*, 174 Colo. 441, 446, 484 P.2d 798, 800 (1971)) ("In a Crim.P. 35 proceeding, the [trial] court is the trier of fact.... [and] where the evidence presented to the court supports the findings and judgment ... 'the judgment of the trial court will not be disturbed on review.' "). Since the transcript of the providency hearing was not included in the record certified to this court (Murphy failed to provide the transcript to the court of appeals), this court must presume that Murphy was properly advised by the trial court under Crim.P. 11 [8] of the effects of the guilty plea prior to accepting it. It can be reasonably inferred that, given the defendant's substantial experience with the criminal justice system, and the fact that Murphy had previously been convicted of three felonies, he was fully aware of the benefits of entering into the plea bargain.

Crim.P. 35(c)(3) enables a trial court to deny a defendant's motion for post-conviction relief without holding a hearing "[w]here the motion and the record of the case show, to the satisfaction of the court, that the [defendant] is not entitled to relief." *People v. Velarde*, 200 Colo. 374, 376, 616 P.2d 104, 105 (1980); *People v. Hutton*, 183 Colo. 388, 391, 517 P.2d 392, 394 (1973). The trial judge made his findings of fact without granting the defendant an evidentiary hearing. In denying relief under Crim.P. 35(c), the trial judge relied upon his own acceptance of the plea bargain and the providency advisement in which the defendant entered a plea of guilty.

Under these circumstances, I cannot say that the trial court erred in denying defendant's Crim.P. 35 motion. I believe that the issue of conflict-free counsel is rendered moot by virtue of the district court's denial of the post-conviction motion. Since the trial court correctly determined that Murphy's motion was factually insufficient, I find no error, therefore, in the court of appeals' reasoning that Murphy's right to conflict-free representation is rendered moot since the defendant was not entitled to the assistance of appointed counsel in the first place.

A trial court's decision to deny a post-conviction motion will not be disturbed on appeal absent a showing that the trial court abused its discretion. *Miller v. People*, 178 Colo. 397, 497 P.2d 992 (1972). An abuse of discretion occurs only when, under the circumstances, a ruling is manifestly arbitrary, unreasonable, or unfair. *People v. Crow*, 789 P.2d 1104 (Colo.1990).

The majority's conclusion in this case requires vacating an otherwise valid post-conviction order and requires the trial court

---

**8.** Crim.P. 11 provides in pertinent part as follows:

The court shall not accept a plea of guilty ... without first determining ...:

(1) That the defendant understands the nature of the charge and the elements of the offense to which he is pleading and the effect of his plea;

(2) That the plea is voluntary on defendant's part and is not the result of undue influence or coercion on the part of anyone;

....

(4) That he understands the possible penalty or penalties;

....

(6) That there is a factual basis for the plea. If the plea is entered as a result of a plea agreement, the court shall explain to the defendant, and satisfy itself that the defendant understands, the basis for the plea agreement, and the defendant may then waive the establishment of a factual basis for the particular charge to which he pleads[.]

to rehear the motion without finding that the trial court abused its discretion in its post-conviction order. Absent a demonstration that the trial court committed an abuse of discretion, I believe that the majority's needless reversal of an otherwise valid post-conviction ruling serves no purported purpose. Although I recognize the need to deter conflicts of interest that threaten the right to effective assistance of counsel, I find that there was no actual or probable prejudice to Murphy's rights engendered by that conflict in the trial court's ruling and, therefore, no reversible error.

The majority's argument that defendant is entitled to conflict-free counsel, whatever its merits, is beside the point. I cannot fashion a purpose in requiring the district court to reconsider a motion that has already been properly addressed. The fact remains that, even if Murphy is now provided with conflict-free assistance, further review is unlikely to produce a different result since the allegations of Murphy's Crim.P. 35(c) motion still remain factually insufficient.

I am troubled by the majority opinion since, under the circumstances here, the trial judge properly disposed of the Crim.P. 35(c) motion before the appointed attorney had even an opportunity to assist Murphy in his post-conviction proceedings. It is not apparent, therefore, that the public defender labored under an actual conflict of interest since the public defender did not actively represent Murphy during the twenty-one day period from February 21, 1991, the date of the trial court's original order denying the 35(b) motion, to March 14, 1991, the date the trial court denied Murphy's 35(c) motion. I emphasize that my decision centers on the fact that, although the trial

court appointed the public defender to assist the defendant, the public defender did nothing to assist or hurt Murphy during this time span.[9]

### III.

Under the circumstances presented · in this case, I believe that the court of appeals correctly ruled that the issue of the defendant's right to conflict-free representation became moot when the trial court denied Murphy's Crim.P. 35(c) motion on the merits.

For the reasons set forth above, I disagree with the majority and, accordingly, respectfully dissent.

I am authorized to say that Chief Justice ROVIRA joins in this dissent.

---

**9.** Murphy's failure to object to the trial court's appointment of the public defender further reinforces that we are dealing with a "comedy of errors."

In response to the trial judge's order on February 21, 1991, Murphy wrote to the trial judge notifying the court that its order was pursuant to the wrong subsection of the rule, Crim.P. 35(b). Murphy requested the court to reconsider his motion under the appropriate provision of the rule. The defendant further noted the procedural reasons for purposely not bringing a 35(b) motion.

In his letter, Murphy made sure to clarify that he had brought a post-conviction 35(c) motion. The defendant's letter certainly demonstrates that he was aware of the law. Murphy, nevertheless, raised no objections to the trial court's appointment of the public defender even though at this time he was already aware of this appointment. It is ironic that, in his Crim.P. 35(c) motion and memorandum of points and authorities, Murphy specifically requested private counsel. Yet, after the trial court issued its original order denying the purported 35(b) motion, Murphy did not raise any objection to the court's purported mistake.