JOINER, Judge.
Barbara Ann Roberts was convicted of capital murder, see § 13A-5-40(a)(2), and first-degree robbery, see § 13A-8-41, Ala. Code 1975, and was sentenced to life imprisonment without the possibility of parole. This Court affirmed Roberts’s conviction and sentence. Roberts v. State, 62 So.3d 1071 (Ala.Crim.App.2010). On January 24, 2011, Roberts “requested appointment of counsel to handle a Rule 32[,Ala. R.Crim. P.,] petition” and also “requested that an attorney other than Ms. Cochran-Morgan be appointed” to represent her. (C. 2.) Cochran-Morgan had represented Roberts in posttrial proceedings and on direct appeal. “Notwithstanding [Roberts’s] request on this regard,” the circuit court appointed Cochran-Morgan “to represent [Roberts] with respect to the filing of a Rule 32 petition.” (C. 2.)
In Roberts’s petition, Cochran-Morgan alleged — among other things — that “[i]n representing [Roberts] at the posttrial and appellate levels, [Cochran-Morgan] failed to argue an issue that could have led to the reversal of [Roberts’s] convictions in th[e] case.” (C. 17.) According to Roberts’s petition, Roberts “was greatly prejudiced by [Cochran-Morgan’s] deficient performance” and, according to the petition, “there is a reasonable probability that, but for the ... omission by [Cochran-Morgan],’ the outcome of [Roberts’s] appeal of her convictions in this case would have been very different.” (C. 33.) More specifically, Roberts pleaded — through Cochran-Morgan — that Cochran-Morgan was ineffective for failing to argue on appeal that the “[trial] court failed to properly instruct the jury about the intent necessary for a conviction using accomplice liability in a capital murder case.”
In a subsequent hearing on Roberts’s petition, Cochran-Morgan continued to represent Roberts. At the hearing, Cochran-Morgan explained her position in the Rule 32 proceedings:
“MS. COCHRAN: Thank you, Judge. Judge, the first issue that Ms. Roberts raises in her Rule 32 petition is that the Constitution of the United States or of the State of Alabama requires a new trial, a new sentence proceeding or other relief based on the denial of effective assistance of counsel, and there is a bit of a twist to this argument, Your Honor. I’m not alleging in this argument that trial counsel was ineffective, I’m raising that issue as to myself as appellate counsel, Your Honor. As I’m sure the Court recalls, Ms. Roberts did request different counsel for the Rule 32 petition and the Court decided to go ahead and appoint me because the record in this case was just so massive that it would be a lot for another attorney to get up to speed on. I did consult with Ms. Roberts about that and she agreed to let me continue on as her Rule 32 attorney.”
(R. 3-4.) The attorney representing the State conceded that he thought the situation was “irregular” and recognized that Cochran-Morgan’s representation of Roberts “rendered] [Cochran-Morgan] incapable of offering any sworn testimony under oath.” (R. 5.)
As the State anticipated, Cochran-Morgan presented no testimony at the hearing in support of the claims raised in Roberts’s petition, including those alleging her own ineffectiveness. Cochran-Morgan did, though, provide argument in support of the petition; in response, the State asserted that the ineffective-assistance-of-ap *1141 pellate-counsel claim lacked merit and, in several instances, reiterated that it was Roberts’s burden to prove the claim at the hearing. The circuit court subsequently entered a written order concluding— among other things — that the jury instruction that was given at trial was appropriate and, thus, that Cochran-Morgan had not been ineffective. Roberts now appeals; on appeal, Roberts is again represented by Cochran-Morgan who is again asserting her ineffectiveness as Roberts’s appellate counsel. We reverse and remand on the basis that Roberts should not be represented by counsel who is required to assert her own ineffectiveness.
First, we recognize that this issue — although raised below — is not squarely presented on appeal. We cannot, however, envision a procedure by which the propriety of Coehran-Morgan’s representation of Roberts — in which Cochran-Morgan is asserting her own ineffectiveness — could be raised and addressed; Roberts cannot file a pro se appellate brief while represented by counsel, see Rule 81(a), Ala. R.Crim. P., nor could Roberts file a subsequent petition for postconviction relief arguing that she received ineffective assistance of post-conviction counsel. See Donald v. State, 456 So.2d 142 (Ala.Crim.App.1984) (“[A] petitioner has no constitutional right to counsel in a coram nobis proceeding. Since this is true, then this petitioner could not be deprived of effective assistance of counsel by anything his counsel, retained or appointed, might have done at this hearing.”). In light of the unique nature of this case, we sua sponte address this issue.[1]
Second, although Alabama caselaw does not squarely address the issue before this Court in this case, our caselaw questions the propriety of an attorney asserting his or her own ineffectiveness. See A.G. v. State, 989 So.2d 1167, 1172 (Ala.Crim.App.2007) (“ ‘If trial counsel is also serving as appellate counsel, counsel cannot be expected to allege on appeal his own ineffec *1142 tiveness.’” (quoting Nelson v. State, 649 So.2d 1299, 1300 (Ala.Crim.App.1994))). Likewise, the Alabama Rules of Professional Conduct dictate that “[a] lawyer shall not represent a client if the representation of that client may be materially limited by ... the lawyer’s own interest.” Rule 1.7(b), Ala. R. Prof. Cond. While it may be true that Cochran-Morgan told the circuit court that Roberts “agreed to let [Cochran-Morgan] continue on as [Roberts’s] Rule 32 attorney,” we do not equate Roberts’s “agreeing” to Cochran-Morgan’s representation with a knowing waiver of the obvious conflict; we note that, to the extent that there could be a waiver, the conflict placed Roberts in the position to waive the conflict or, knowing that the circuit court had already denied her request for a different attorney, risk being unrepresented. Nevertheless, we question whether such a conflict can be cured by waiver. See generally Comments to Rule 1.7, Ala. R. Prof. Cond. (“If the probity of a lawyer’s own conduct in a transaction is in serious question, it may be difficult or impossible for the lawyer to give a client detached advice.”).
Even if this Court were satisfied that Roberts appropriately waived the inherent conflict, the Rules of Professional Conduct also state that “[a] lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness.” Rule 3.7(a), Ala. R. Prof. Cond. As the State asserted at the evidentiary hearing, it was Roberts’s burden to prove her ineffective-assistance-of-counsel claim; Cochran-Morgan, by simultaneously representing Roberts and alleging her own ineffectiveness, precluded herself from presenting testimonial evidence in support of one of Roberts’s primary postconviction claims.
Third, and finally, although there is no caselaw in Alabama on this issue, other jurisdictions have faced similar dilemmas; notably, a similar case arose in Colorado.[2] In Murphy v. State, 863 P.2d 301, 302 (Colo.1993), Murphy — who had been represented at trial by a staff attorney from the Office of the Public Defender — filed a “motion for postconviction relief’ in which he “asserted that he had been denied effective assistance of counsel.” Murphy asked the *1143 trial court to appoint counsel but requested that appointed counsel not be an attorney from the public defender’s office; the trial court, however, appointed a public defender to represent Murphy and subsequently denied Murphy’s posteonviction motion. Id. at 303. On appeal, the Colorado Court of Appeals concluded that the issue of Murphy’s conflicted counsel was moot “because Murphy had no right to the appointment of counsel.” Id. The Colorado Supreme Court, however, concluded that, irrespective of whether Murphy was entitled to counsel related to his postcon-viction motion,
“it cannot be disputed that the district court, by its own action, ordered the appointment of the same attorney that had represented Murphy in the proceedings below. By making such an appointment, the district court created a situation where appointed counsel was forced to litigate against himself, clearly causing an impermissible conflict of interest. Thus, due to the inherent conflict of interest as well as the appearance of impropriety, we hold that the district court erred in appointing the public defender who represented Murphy in the trial below to assist in the litigation of Murphy’s postconviction proceedings.”
Murphy, 863 P.2d at 304-05 (citations and quotations omitted). We find Murphy instructive.
Although Roberts was not entitled to counsel to pursue her Rule 32 petition, Roberts requested counsel and requested that she be represented by someone other than Cochran-Morgan; the circuit court, however, denied that request and, like the trial court in Murphy, appointed counsel who had previously represented Roberts. The record does not indicate that the circuit court in this case, like the trial court in Murphy, was aware that Roberts would assert ineffective assistance of appellate counsel; it is not difficult to foresee, though, that Roberts — who was convicted of capital murder and was sentenced to life imprisonment without the possibility of parole — would assert various allegations of ineffective assistance of counsel related to her conviction and appeal.[3]
Accordingly, based on the facts of this case, we reverse the circuit court’s order appointing Cochran-Morgan as counsel for Roberts in the Rule 32 proceedings and reverse the circuit court’s order denying Roberts’s Rule 32 petition. We remand this matter to the circuit court for it to reconsider Roberts’s request for counsel consistent with this order and, further, to permit Roberts — or her counsel, depending on the decision of the circuit court — to amend her petition.
REVERSED AND REMANDED.
WELCH and BURKE, JJ., concur; WTNDOM, P. J., dissents, with writing, which KELLUM, J., joins.

. The dissent relies on Slaton v. State, 902 So.2d 102, 108 (Ala.Crim.App.2003), for the proposition that "allegations of a conflict of interest are nonjurisdictional and waivable.” 141 So.3d at 1143. The section of the Slaton opinion referenced by the dissent, however, does not address conflict of defense counsel, but instead, addresses a claim that "the district attorney had a conflict of interest.” Slaton, 902 So.2d at 108 (emphasis added). Moreover, later in the Slaton opinion this Court addressed the merits of a claim — without reference to preclusionary grounds — that the defendant's trial counsel "had a conflict of interest while representing him.” Slaton, 902 So.2d at 115. Accordingly, Slaton does not support the dissent’s position.
Similarly, the dissent’s reliance on State v. Stanko, 402 S.C. 252, 270, 741 S.E.2d 708, 717 (2013), is misplaced. The dissent cites Stanko for the proposition that an "alleged conflict of interest created by trial counsel representing the petitioner during postconviction proceedings was not preserved for appellate review and thus not properly preserved before the court.” 141 So.3d at 1140. The dissent’s characterization of the facts of Stan-ko are inaccurate; specifically, the South Carolina Supreme Court relayed the following relevant facts in Stanko:
“Prior to this trial, a jury found [Stanko] guilty of a separate murder and recommended a sentence of death. State v. Stanko, 376 S.C. 571, 573, 658 S.E.2d 94, 95 (2008). William Diggs represented [Stan-ko] at that trial, and [Stanko] requested that Diggs represent him in the instant case, as well. However, [Stanko] also filed a post-conviction relief (PCR) application collaterally attacking Diggs’s prior representation on the ground that he provided ineffective assistance of counsel. Appellant argues that this gave rise to a conflict of interest, and that the trial court erred in accepting Appellant's 'inadequate' waiver of this conflict.”
402 S.C. at 265, 741 S.E.2d 708. Thus, the attorney in question in the Stanko case was not the defendant’s trial counsel and also his postconviction-proceeding counsel for the same case.

. Other jurisdictions have questioned the propriety of counsel asserting his or her own ineffectiveness. See Sullivan v. United States, 721 A.2d 936, 937 (D.C.1998) (" 'It would be a conflict of interest for a lawyer to appeal a ruling premised on the lawyer’s own ineffectiveness.' " (quoting Ramsey v. United States, 569 A.2d 142, 146 (D.C.1990))); United States v. Del Muro, 87 F.3d 1078, 1080 (9th Cir. 1996) (recognizing "that the district court created an inherent conflict of interest by forcing trial counsel to prove his own ineffectiveness”); Garland v. State, 283 Ga. 201, 203, 657 S.E.2d 842, 844 (2008) (recognizing that "appellant's trial counsel could not reasonably be expected to assert or argue his own ineffectiveness on appeal,” as well as the principle in that state that "a lawyer may not ethically present a claim that he/she provided a client with ineffective assistance of counsel”); State v. Toney, 39 Kan.App.2d 1036, 1042, 187 P.3d 138, 142 (2008) (recognizing that "the public defender would be obligated to advocate and prove her own professional ineffectiveness. On the other hand, in order to defend herself against Toney's allegations of ineffectiveness, the public defender would be required to advocate against her client’s legal position. This obviously placed the public defender in a tenuous position.”); State v. Molina, 271 Neb. 488, 535, 713 N.W.2d 412, 451 (2006) (recognizing that appointing new counsel was appropriate because "Molina’s desire to argue that trial counsel was ineffective gave rise to a potential conflict of interest, because it placed trial counsel in the position of having to argue his own ineffectiveness”); People v. Keener, 275 Ill.App.3d 1, 4, 211 Ill.Dec. 391, 655 N.E.2d 294, 297 (1995) ("A per se conflict of interest arises when attorneys argue motions in which they allege their own ineffectiveness.”); Commonwealth v. Fox, 476 Pa. 475, 478, 383 A.2d 199, 200-01 (1978) (recognizing that "it is unrealistic to expect trial counsel to argue his own ineffectiveness").

. Although we conclude that Cochran-Morgan should not have been appointed to represent Roberts, we do not intend to suggest that Roberts is entitled to appointed counsel in postconviction proceedings or that she is entitled to appointed counsel of her choice.