This appeal involves the denial of a Rule 32, A.R.Cr.P., petition. The appellant, Jonathan Nelson, alleges 1) that there was insufficient evidence to sustain his conviction, 2) that because the evidence was insufficient the trial court lacked jurisdiction to sentence him, and 3) that the attorney who represented him both at trial and on appeal rendered ineffective assistance at trial. In regard to the latter claim, the appellant alleges that: trial counsel failed to file motion to suppress, failed to file a discovery motion, was uninformed on current drug laws, mislead the appellant concerning his right to testify, failed to investigate possible defenses, and failed to request independent testing of the *Page 1300 
controlled substance appellant was charged with possessing.
The trial court summarily dismissed the petition pursuant to Rule 32.7(d), A.R.Crim. P., citing as grounds for its denial Rule 32.2(a)(3), (4), and (5), A.R.Crim.P.
The appellant's allegation concerning the insufficiency of the evidence and the trial court's lack of jurisdiction based on insufficient evidence were correctly found to be barred under Rule 32.2(a)(3) and (4), A.R.Crim.P. Nelson v. State,602 So.2d 1230 (Ala.Cr.App. 1992). However, the trial court erred in holding that the appellant's ineffective assistance of counsel claim was barred. If trial counsel is also serving as appellate counsel, counsel cannot be expected to allege on appeal his own ineffectiveness. Therefore, the trial court's determination as to this issue is due to be reversed and the case remanded. Additionally, the trial court is instructed to make specific findings of fact relating to each material issue of fact pursuant to Rule 32.9, A.R.Crim.P. Due return shall be filed in this court no later than 45 days from the date of this opinion.
AFFIRMED IN PART; REVERSED IN PART AND REMANDED WITH INSTRUCTIONS.
All Judges concur.