On Return to Remand

McMILLAN, Judge.
This cause was remanded with instructions to the trial court to enter an order making specific findings of fact concerning the issue of ineffective assistance of trial counsel raised in thé Jonathan Nelson’s Rule 32, A.R.Cr.P., petition. 649 So.2d 1299. The trial court has returned to us the following findings of fact and order denying the petition:
“This cause coming on to be heard upon remand by the Alabama Court of Criminal Appeals to determine the merits of defendant’s claim of ineffective assistance of counsel filed under his petition under Rule 32, A.R.Cr.P.
“Defendant in court with his attorney, Hon. John Waddell, and sets forth on the record six complaints of ineffective assistance by his trial counsel (Hon. Joe Morgan).
“First: Defendant claims his trial attorney failed to file a motion to suppress evidence of the drugs seized at the subject residence.
“Second: Defendant claims his trial attorney failed to file a motion for discovery.
*1301 “Third: Defendant claims his trial attorney was uninformed as to the application of current drug laws.
“Fourth: Defendant claims his trial attorney misled him as to his constitutional right to testify.
“Fifth: Defendant claims his trial counsel failed to perform any investigation of his case.
“Sixth: Defendant claims his trial attorney failed to test the alleged controlled substance.
“A hearing was conducted wherein the defendant, defendant’s witness, Ms. Rose Blake and defendant’s trial counsel, Hon. Joe Morgan, offered oral testimony.
“Ms. Rose Blake was offered as a witness to show that she was present at the time of the execution of a search warrant upon her apartment by police who were looking for illegal drugs. She witnessed defendant’s arrest and had knowledge of the facts and circumstances surrounding defendant’s arrest. She testified that she was never interviewed by defendant’s trial counsel and does not believe the defendant knew the drugs were in the house. She also testified that it was her residence that was searched and that the defendant did not live there.
“On cross-examination Ms. Blake testified that she was also arrested for the possession of cocaine and had a pending robbery charge. Ms. Blake admitted that, on the date of defendant’s arrest, she was gone most of the day and that the defendant had free access to the apartment. She did not know whether the defendant brought drugs into the apartment in her absence. She did testify that the defendant did keep some clothes there.
“The defendant, Jonathan Nelson, testified that he had been in and out of the subject apartment all day. To his knowledge there was [sic] no drugs there. He further testified that attorney Morgan represented him at trial and on appeal. It was his [defendant’s] decision not to testify. Defendant also stated that he discussed with his trial attorney the advantages and disadvantages of having Ms. Blake testify. The attorney felt that if she were called to testify there would be a good chance that she would say something that would hurt the defense. It was mutually agreed that Ms. Blake would not be called.
“On cross-examination the defendant stated that drugs were found in plain view in the bedroom where defendant was talking to Ms. Blake. Defendant also admitted to the detective investigating the case that he lived at the subject residence although at this hearing the defendant states that he did not live at the , apartment. Defendant testified that his complaint with regard to the failure of his trial attorney to file a motion to suppress was based upon his feeling that he did not know the drugs were in the apartment and that he did not live at the subject apartment. Defendant feels that a motion for discovery should have been filed but was not aware that the circuit court had issued a discovery order dated May 3,1991. Defendant admits that he felt his attorney at trial was uninformed on the application of current drug law because defendant could not understand how he could have been charged with possession of the drugs in the apartment. Defendant admits that he was not mislead [sic] as to his constitutional rights regarding his right to testify. Defendant admits he concurred with the decision not to use Ms. Blake’s testimony at trial, but that since he ultimately was found guilty by the jury, upon reflection, he should have gone ahead and called Ms. Blake as a witness. With regard to the complaint of failure to test the subject controlled substance the defendant admits that this is not his complaint but prepared for him. Defendant offered no testimony in support of such a claim.
“Attorney Joe Morgan testified that he had approximately 17 visits with the defendant including times in which hearings were conducted. He was already familiar with the neighborhood in which the search warrant was executed and had dealt with Ms. Blake before. At the preliminary hearing he talked with the deputies and reviewed the affidavit and other documents. He testified that he went over the *1302 case with the defendant prior to trial and that everything offered by the prosecution at trial was expected and came as no surprise. Attorney Morgan testified that he recommended against using Ms. Blake as a witness, but that the ultimate decision was the defendant’s, as was the decision not to testify.
“In order to have a conviction reversed because of incompetent counsel, defendant must show that the representation by counsel was only perfunctory, the conduct of the attorney reduced the trial to a farce, sham, or mockery of justice, or that the representation shocked the conscience of the court. Bridges v. State, 391 So.2d 1086 [ (Ala.Cr.App.1980) ]. Tactical decisions of defense counsel on whether to call certain witnesses are presumed to be within wide range of reasonable professional assistance; defendant must overcome the presumption that challenged actions might be considered sound trial strategy. [Dill] v. State, 484 So.2d 4-91.
“The court finds that the defendant was adequately and competently represented at his trial. The defendant offers no evidence to support any of his claims but merely is attempting to have another ‘bite at the apple’ since he is unhappy with the results of his trial.
“For the above and foregoing reasons the petition filed by defendant under Rule 32, A.R.Cr.P. is hereby denied.”
The trial court’s findings that the appellant did not receive ineffective assistance of counsel is supported by the record; thus the judgment is due to be affirmed.
AFFIRMED.
All Judges concur.