No. 24296

**Arthur John Miller v.
The People of the State of Colorado**
(497 P.2d 992)

Decided June 5, 1972.

Rollie R. Rogers, State Public Defender, J. D. MacFarlane, Chief Deputy, Kenneth J. Russell, Deputy, T. Michael Dutton, Deputy, for plaintiff in error.

Duke W. Dunbar, Attorney General, John P. Moore, Deputy, David A. Sorenson, Assistant, for defendant in error.

*In Department.*

Opinion by MR. JUSTICE LEE.

Plaintiff in error, Arthur John Miller, was convicted by a jury in the district court of Lake County of possession of a narcotic drug, cannabis. We affirm the judgment of conviction.

■ The sole ground upon which Miller seeks reversal is that the trial court prejudicially erred in denying defendant's motion for a continuance of the trial. We find this ground for reversal to be without merit.

The record shows that defendant Miller was arraigned and entered his plea of not guilty on November 5, 1968. The case was set for trial on February 3, 1969. The record of proceedings of the arraignment shows that Miller's counsel asked the district attorney at that time to allow him to have a "bit of the substance" (cannabis), so that he could have scientific tests made to determine its nature. The district attorney was in agreement with this request and stipulated to "expedite the matter." Thereafter, in November, the exact date not being shown, defense counsel requested by letter that arrangements be made for delivery of a sample of the cannabis to an unspecified Denver chemist for analysis. In reply to this letter, the district attorney, on January 8, 1969,

granted the defendant permission to examine the alleged cannabis, stating that it was in Denver in the possession of one William G. Martin of the United States Food and Drug Administration. Mr. Martin was the chemist employed by the People to verify the narcotic nature of the substance seized from the defendant and upon which the charge against him was based. No effort was made by defendant to obtain a sample of the cannabis for chemical analysis.

On the morning of the trial, February 3, 1969, defendant orally moved for a continuance. He stated to the court that defendant was going to employ a Mr. Paul Brooks to make the chemical analysis of the substance in question; that on or about the 15th of January, 1969, Mr. Brooks had an accident and that he had not yet returned to work; and that, due to the inability of this chemist (Brooks) to have the opportunity to examine the substance in question, defendant would be limited in his cross-examination of the People's exhibits. He further stated that he was unable to get another chemist to look at the alleged cannabis prior to trial. No affidavits or testimony were presented concerning these matters stated by defense counsel. Nor did defense counsel make any offer of proof.

The trial court denied defendant's motion for continuance and the case proceeded to trial on February 3. The People's expert witness, Martin, testified concerning the nature of the substance. He was extensively cross-examined by the defendant, as a result of which certain of the People's exhibits were not admitted into evidence. The defendant did not present any expert testimony concerning the nature of the alleged cannabis. The defendant was convicted of possession of cannabis and his motion for new trial denied.

Miller argues that the court abused its discretion in denying his oral motion for a continuance and that he was thereby denied a fair trial, due process and effective assistance of counsel in derogation of his constitutional rights.

It is well-established that the granting or denying of a motion for continuance lies within the sound discretion of

the trial court. *Johnson v. People,* 172 Colo. 72, 470 P.2d 37; *Moore v. People,* 164 Colo. 222, 434 P.2d 132; *Claxton v. People,* 164 Colo. 283, 434 P.2d 407. Otherwise stated, a conviction will not be overturned on appeal where the trial court's denial of a continuance was not plainly erroneous. *Lofton v. People,* 168 Colo. 131, 450 P.2d 638; *Sharp v. People,* 90 Colo. 356, 9 P.2d 483; *Abshier v. People,* 87 Colo. 507, 289 P. 1081.

In determining whether a trial court has abused its discretion in denying a continuance, the total circumstances, as reflected by the record, must be taken into consideration. In this case, the record shows that, although the defendant was aware as early as November 15, 1968, of his right to have the alleged cannabis chemically analyzed, he cannot be said to have diligently pursued the matter. He was advised that the material was available in Denver on January 9, 1969, and the record discloses that as of that time he had not yet employed Mr. Brooks, his intended expert, for the purpose of making the chemical analysis. The record indicates that as of the date of Mr. Brooks' alleged accident, on January 15, he had not been employed by defendant. The record further shows that counsel for defendant took no steps immediately upon being advised of Mr. Brooks' accident of January 15 to have the case continued so that Brooks might be able to perform the intended analysis. Nor did defendant advise the district attorney or take steps to employ any other expert for this purpose up to the morning of the trial. We do not regard the defendant's statements as a sufficient showing to require the overruling of the trial court's determination.

Under the foregoing circumstances, we find no abuse of discretion by the trial court in denying defendant's motion for continuance and we cannot say that such ruling was plainly erroneous, thus requiring a reversal of the conviction of the defendant.

The judgment is affirmed.

MR. JUSTICE HODGES, MR. JUSTICE KELLEY and MR. JUSTICE GROVES concur.