Leilani J. **BEVERLY**, Plaintiff-Appellee,

v.

Eugene P. **CARDINAL**,
Defendant-Appellant.

No. 85CA0878.

Colorado Court of Appeals,
Division III.

Aug. 6, 1987.

Kenneth A. Jaray, Colorado Springs, for plaintiff-appellee.

Kane & Donley, Mark H. Kane, Colorado Springs, for defendant-appellant.

CRISWELL, Judge.

Defendant, Eugene Cardinal, appeals the judgment of the trial court entered on a jury verdict awarding $44,618 in damages to the plaintiff, Leilani Beverly. Defendant contends, among other things, that the trial court erred in refusing to grant a continuance near the end of the trial to allow defendant's final witness, who was under subpoena, to testify. We agree and, therefore, reverse.

It is uncontested that defendant drove his pickup truck into the rear of plaintiff's car, which was stopped in traffic. Whether plaintiff hit the vehicle in front of her and, if so, whether that occurred before or after she was struck by defendant's vehicle was an issue upon which the parties disagreed.

Defendant contends that the amount of time and distance in which he had to stop his vehicle was reduced because plaintiff's car stopped suddenly upon striking the vehicle in front of her. Plaintiff denied that her car had ever struck that vehicle.

The trial was initially scheduled to last for 3 days, and defendant subpoenaed one witness to appear on the third afternoon. Plaintiff rested her case in the middle of the afternoon of the second day of trial, and defendant began his evidentiary presentation, taking the rest of that day. At the end of that session, the court told the parties that they should plan to complete the presentation of evidence by noon the next day.

On the third morning of the trial, the defendant called five witnesses whose testimony, including cross-examination, was concluded before 11:30 a.m. Defense counsel stated that his final witness was under subpoena for 3:15 p.m. that day. He explained that he had been unable to contact that witness earlier to ask him to appear sooner than his subpoena required. The court informed defense counsel, however, that, unless his final witness was present at 1:30 p.m., the court would require him to rest his case. The witness did not appear by the time set by the court, and the court required defendant to rest.

The witness appeared at the time required by his subpoena, and following the jury verdict in which defendant was found to be 100% responsible for plaintiff's damages, he was examined by both attorneys and the court for purposes of an offer of proof. He stated that he had been driving the vehicle directly in front of plaintiff and that her vehicle had struck his, but he was not able to specify whether there was one or two impacts. He did say that the impact between the two vehicles caused no damage.

I.

The grant or denial of a continuance is within the sound discretion of the trial court and will not be overturned on appeal unless such denial was plainly erroneous. *Miller v. People*, 178 Colo. 397, 497 P.2d

992 (1972). In exercising this discretion, the court must consider not only the rights of the party seeking the continuance, but also those of the other party; it must decide the motion with a view to promoting substantial justice. In determining whether an abuse of discretion has occurred, the total circumstances, as reflected by the record, must be considered. *Miller v. People, supra.*

The continuance requested here was in the nature of a recess during the trial, rather than a rescheduling, and the amount of time requested was less than two hours. The witness was the only disinterested witness to the accident who was scheduled to testify, and his testimony related to the primary contested issue upon which defendant's theory of the case, *i.e.*, sudden emergency, was premised. Further, his testimony was important with respect to plaintiff's credibility since she had testified that there was no impact between the two vehicles.

Under these circumstances, and in light of the fact that the witness was properly subpoenaed for a time within the period originally set for the trial and that defendant made a good faith, but unsuccessful, effort to have him appear earlier, we conclude that defendant was entitled to have the witness present his evidence to the jury and that the court abused its discretion in denying him that right.

## II.

Since it is unlikely that the other errors claimed by defendant will occur upon re-trial, it is not necessary to address his remaining contentions.

The judgment is reversed and the cause is remanded for a new trial.

PIERCE and STERNBERG, JJ., concur.