759 P.2d 859 (1988)
The PEOPLE of the State of Colorado, ex rel. Robert R. GALLAGHER, Jr., District Attorney In and For the Eighteenth Judicial District, Petitioner-Appellee,
v.
The COUNTY COURT In and For the COUNTY OF ARAPAHOE, State of Colorado, and the Honorable Ralph C. Taylor, one of the Judges Therefor, Respondents-Appellants.
No. 87CA0239.
Colorado Court of Appeals, Div. I.
July 21, 1988.
*860 Robert R. Gallagher, Jr., Dist. Atty., Bruce H. Rabun, Deputy Dist. Atty., Littleton, for petitioner-appellee.
Robert W. Caddes, Denver, for respondents-appellants.
PLANK, Judge.
Respondents, the Arapahoe County Court and the Honorable Ralph Taylor, appeal a district court order which found, pursuant to C.R.C.P. 106(a)(4), that the respondent court had exceeded its jurisdiction and/or abused its discretion in dismissing counts of a criminal complaint, and which directed that those counts be reinstated. We reverse and remand.
A defendant was charged in a four-count criminal information. He appeared before the respondent court on August 13, 1986, and requested a preliminary hearing. The hearing was set for September 4, 1986, on the felony charge of menacing and the class 1 misdemeanor charge of vehicular eluding. The two remaining counts, driving under the influence and driving under denial, were not appropriate for preliminary hearing.
At the beginning of the preliminary hearing, the prosecution moved for a continuance because its only witness, a police officer, was unavailable because he was on vacation. The district attorney said he had been informed of the witness' unavailability only ten minutes previously.
The respondent court denied the continuance, and when the district attorney said he could not proceed to preliminary hearing, it dismissed the two counts scheduled for hearing and arraigned the defendant on the remaining charges.
The People appealed the county court's action to the district court pursuant to C.R. CP. 106(a)(4). In their appeal, the People attacked only the dismissal of the two criminal counts, but did not challenge the denial of a continuance. The respondent court answered the People's argument in part by maintaining that the denial of continuance had been a valid exercise of discretion. The district court, however, did not address the respondent's refusal to grant a continuance; it ruled only on the dismissal of the counts, finding the dismissal an abuse of discretion and an act in excess of the respondent court's jurisdiction.
I.
The respondent court contends that it did not abuse its discretion in denying the prosecution's request for a continuance. We agree.
We first observe that the district court's failure to address this issue does not preclude us from doing so. The issue was raised in the district court pleadings filed by the respondent court and is thus properly before us. See Patterson v. Cronin, 650 P.2d 531 (Colo.1982).
On review, a court's denial of a continuance, a matter which rests within its sound discretion, will not be reversed absent a clear abuse of that discretion. Miller v. People, 178 Colo. 397, 497 P.2d 992 (1972); People v. Dillon, 633 P.2d 504 (Colo.App.1981). The totality of circumstances surrounding the request for continuance must be considered in reviewing the court's decision. Miller, supra; Dillon, supra.
A continuance will not be granted because of a witness' absence "unless due diligence was exercised to obtain his presence. The burden is on the party applying for the continuance to prove the use of such diligence." 3 C. Torcia, Wharton's Criminal Procedure § 428 (12th ed. 1975).
Here, the preliminary hearing date had been set for three weeks. The district attorney did not request a continuance until he appeared at the preliminary hearing. Other than informing the court that his witness was on vacation, the district attorney offered no explanation for his failure to secure the witness' presence. He made no showing that he had exercised diligence in trying to obtain the witness' presence, neither proffering evidence nor claiming that the witness had been timely notified of the hearing. Nor did the district attorney account for his tardiness in determining the *861 witness' unavailability and in seeking a continuance.
Under these circumstances, the respondent court acted well within its discretion when it denied a continuance. The district attorney's failure either to secure the presence of its essential witness, to prove his diligence in trying to obtain the witness' presence, or to seek a continuance in a timely manner provided ample reason for the denial.
II.
The respondent court also maintains that, after denying the continuance, it had jurisdiction to dismiss the counts scheduled for preliminary hearing when the district attorney could not proceed. We agree.
A preliminary hearing presents a forum for the presentation and assessment of evidence of probable cause. It is the prosecuting attorney's burden to establish probable cause at a preliminary hearing, and if he does not do so, the county court is empowered to dismiss the complaint. Crim.P. 5(a)(4)(II) and (IV). Here, the district attorney did not proceed at the preliminary hearing, thus necessarily failing to meet his burden of proof, so that dismissal was appropriate.
The propriety of dismissal following denial of the prosecution's request for continuance of a preliminary hearing was recognized in People v. Anderson, 659 P.2d 1385 (Colo.1983). There, the supreme court observed that the district court had "ample reason" to dismiss charges when the prosecution had made minimal and tardy efforts to secure the attendance of an essential witness at a preliminary hearing.
The cases relied on by the People to claim the county court lacked jurisdiction to dismiss are inapplicable to the situation here. In each of those cases, the trial court had directed a pre-trial dismissal outside of any procedurally mandated assessment of evidence. See People v. Dennis, 164 Colo. 163, 433 P.2d 339 (1967); People v. Butt, 37 Colo.App. 212, 547 P.2d 262 (1975). In such instances, where dismissal denies the prosecution the opportunity to present evidence which is otherwise afforded by rule, it is true, as the court observed in Butz, supra, that dismissal is proper only under the circumstances defined in Crim.P. 48(b).
Here, however, the preliminary hearing presented the prosecution with both the opportunity and the duty to proceed with evidence of probable cause. And, just as in Anderson, supra, the prosecution's failure to demonstrate adequate, timely efforts to secure a witness' attendance gave the respondent court ample reason to dismiss charges after denying a continuance. The respondent court had jurisdiction to do so under Crim.P. 5(a)(4)(IV), and it was not an abuse of discretion for it to do so, as the same facts which support its denial of continuance support the dismissal.
The judgment of the district court is reversed, and the cause is remanded for proceedings consistent with this decision.
PIERCE and TURSI, JJ., concur.