The **PEOPLE** of the State of Colorado, Petitioner–Appellant,

**In the Interest of D.J.P., a Child, Appellee,**

and Concerning, **B.A.M.,** Respondent–Appellee.

No. 88SA185.

Supreme Court of Colorado, En Banc.

Jan. 16, 1990.

James P. Smith, Dist. Atty., and Michael J. Milne, Deputy Dist. Atty., Brighton, for petitioner-appellant.

Jeffrey L. Romeo, Northglenn, for appellee.

No appearance for respondent-appellee.

Justice ERICKSON delivered the Opinion of the Court.

Pursuant to section 19–2–602(2), 8B C.R.S. (1989 Supp.), the prosecution appealed the trial court's order denying a motion to refile a delinquency petition against D.J.P.[1] As grounds for refiling, the prosecution asserted that the trial court abused its discretion in denying its request for a continuance of a preliminary hearing and then dismissing the petition. Since the trial court did not abuse its discretion, we affirm.

On November 23, 1987, the prosecution filed a delinquency petition against D.J.P. alleging two counts that would constitute felonies if committed by an adult, along with one count of being a violent juvenile offender, section 19–2–803(1), 8B C.R.S. (1989 Supp.). Upon recommendation of the investigating officer, Detective W.D. Elder of the Thornton Police Department, D.J.P. was placed in detention on a $2,000 bond pending disposition of the case. On December 1, 1987, D.J.P.'s attorney filed a written request for a preliminary hearing and a hearing was thereafter set for January 6, 1988.[2]

At the January 6, 1988 hearing, the prosecution moved to amend the petition to add a fourth count arising from the same incident as the three existing counts. The trial court granted the motion over D.J.P.'s objection, but ruled that it would not require him to proceed to a preliminary hearing on the fourth count at that time. D.J.P. requested a continuance so that a preliminary hearing could be held on all four counts. After D.J.P. waived his right to a preliminary hearing within thirty days, the hearing was reset for January 27, 1988 at 9:00 a.m. Both Detective Elder and the alleged victim were present at the hearing on January 6, 1988.

On January 27, 1988, Detective Elder failed to appear at the scheduled hearing. In accordance with the prosecution's standard procedure, a notification letter requesting Detective Elder's presence at the hearing was sent to the Thornton Police Department on January 8, 1988. Detective Elder did not receive the letter, and did not know the letter had been sent. After Elder failed to appear, the prosecutor contacted the Thornton Police Department and was told that it was Elder's day off. The Police Department reached Elder through his pager, and Elder called the prosecutor at approximately 9:30 a.m. Elder informed the prosecutor that he did not receive the notification letter and had scheduled a real estate closing for 11:00 a.m. that day. He told the prosecutor that it would be inconvenient and that he would suffer financial

---

1. Section 19–2–602(2) provides that "the prosecution in a delinquency case may appeal any decision of the trial court as provided in section 16–12–102, [8B C.R.S. (1986) ]." This is an appeal involving an issue of law, section 16–12–102(1), filed before August 1, 1988. See C.A.R. 4(b)(2), 7B C.R.S. (1989 Supp.).

2. D.J.P. apparently waived his right to have a preliminary hearing held within thirty days of the date his motion requesting the hearing was filed. The parties refer to this waiver in the subsequent hearings, but the record does not otherwise reflect its existence.

hardship if he did not attend the closing but that he would appear at the hearing if absolutely necessary.

The prosecution requested a continuance until 1:30 p.m. that afternoon so that Detective Elder could testify at the preliminary hearing. Although the alleged victim was present and able to testify, the prosecution planned to supplement her testimony with Elder's. After D.J.P.'s attorney objected on the grounds that he could not appear in court that afternoon, the prosecution requested a continuance to another day. D.J.P. objected and moved to dismiss the petition on the grounds that the prosecution was unable to proceed with the preliminary hearing. The trial court stated that it was concerned with whether D.J.P. had waived his right to a speedy preliminary hearing at the hearing on January 6, 1988 and, in order to review the transcript of that hearing, vacated the January 27, 1988 hearing and deferred ruling on the prosecution's motion to continue. The case was reset for a review hearing on February 4, 1988.

On February 4, 1988, the trial court found that D.J.P. had waived his right to a preliminary hearing within thirty days. However, the trial court also found that the prosecution had not presented sufficient grounds for a continuance and granted D.J.P.'s motion to dismiss. The court noted that D.J.P. requested a continuance on January 6, 1988 as a result of the prosecution's motion to add the fourth count to the petition. Additionally, the court found that there was not good cause for Elder's absence since he was present on January 6, 1988 when the case was continued. The trial court issued a written order dismissing the petition on February 9, 1988.

The prosecution moved to refile the delinquency petition on February 24, 1988, asserting that the trial court erred by dismissing the original petition. In support of the motion, affidavits were filed by the prosecutor assigned to the case at the time

of the January 27, 1988 and subsequent hearings, the prosecutor at the January 6, 1988 hearing, and Detective Elder. In addition, the prosecution filed an administrative order issued by the chief judge of the district that provided that the failure of a witness to appear after being served by mail with a subpoena was good cause for a continuance. After a hearing on the motion was held on March 16, 1988, the trial court took the matter under advisement. On April 25, 1988, the trial court denied the prosecution's motion to refile on the grounds that good cause to refile had not been established. The denial of the motion to refile is the only issue in this case which is subject to review on appeal.

Pursuant to section 19–2–404(3), 8B C.R.S. (1989 Supp.), the prosecution has authority to file a motion to refile a petition in delinquency.[3] Therefore, we must determine whether the trial court abused its discretion by denying the motion to refile.

■ In support of its motion to refile, the prosecution asserts that the trial court abused its discretion in denying the continuance requested by the prosecution and thereafter dismissing the delinquency petition. A continuance is a matter within the discretion of the trial court and the trial court's decision will not be overturned in the absence of an abuse of discretion. *Miller v. People*, 178 Colo. 397, 399–400, 497 P.2d 992, 993 (1972). The totality of the circumstances is relevant when determining whether the trial court committed an abuse of discretion by denying a continuance. *Id.* at 400, 497 P.2d at 993.

■ Where a request for a continuance is grounded on the absence of a witness, it is not an abuse of discretion to deny the continuance if the party seeking the continuance failed to use due diligence to procure the presence of that witness. *People v. Anderson*, 659 P.2d 1385, 1386 (Colo.1983); *People ex rel. Gallagher v. County Court*, 759 P.2d 859, 860 (Colo.App.1988). The

---

3. Under Crim.P. 7(c)(2), a case dismissed by the county court prior to a preliminary hearing may be refiled in the district court at the court's discretion. *E.g., Holmes v. District Court*, 668 P.2d 11, 14 (Colo.1983). Although Crim.P. 7

does not control this case, a motion to refile a delinquency petition is similarly committed to the discretion of the trial court and its decision will not be overturned absent an abuse of that discretion.

burden is on the party requesting the continuance to show that due diligence was used. *People ex rel. Gallagher v. County Court,* 759 P.2d at 860. Other factors include the resulting prejudice to the moving party if the continuance is denied and whether that prejudice could be cured by a continuance, as well as the prejudice to the opposing party if the continuance is granted. *People v. Gagnon,* 703 P.2d 661, 663 (Colo.App.1985).

■ In this case, the prosecution notified the Thornton Police Department of the January 27, 1988 hearing and requested Detective Elder's presence at the hearing. Detective Elder was present at the January 6, 1988 hearing, and according to the affidavit of the prosecutor at that hearing, was advised of the date and time of the continued hearing. On January 27, 1988, Elder told the prosecution that he could be present at the hearing if absolutely necessary, but the prosecution requested a continuance rather than his presence. The prosecution offered no explanation to the trial court to show the necessity of Elder's testimony in the presentation of its case. The alleged victim was present and able to testify at the hearing. The administrative order submitted by the prosecution applies to witnesses served by mail with subpoenas. Since Elder was not subpoenaed, the administrative order is not applicable. Of prime importance to the determination of whether the trial court abused its discretion is the fact that D.J.P. was being held in detention at the time of the requested continuance.

Under the circumstances of this case, the trial court did not abuse its discretion by denying the prosecution's request for a continuance and the motion to refile. Accordingly, we affirm.