Opinion by JUDGE WELLING
¶ 1 When the victim, who was under subpoena, failed to appear at trial, the trial court denied the prosecution's request for a continuance and dismissed the charges against the defendant, Floyd Joseph Senette. The prosecution appeals the trial court's dismissal of charges. Because we conclude that the trial court abused its discretion in denying the request for a continuance and the trial court's dismissal was the consequence of that error, we reverse and remand the case for further proceedings.
*563 I. Background
¶ 2 The prosecution charged Senette with aggravated robbery and menacing, crimes he is alleged to have perpetrated against a single victim: M.T. Senette pleaded not guilty on April 27, 2016, and trial was set for October 11, 2016, sixteen days before the end of the six month statutory speedy trial period.
¶ 3 At a trial readiness conference four days before trial, the prosecutor indicated that M.T. had not been in contact with the prosecutor's office in quite some time even though she had been personally served with a subpoena to attend trial. The prosecutor said that if M.T. did not appear at trial, she would request that the court issue a bench warrant for M.T.'s arrest and that the trial be continued.
¶ 4 As expected, M.T. did not appear on the morning of trial. The prosecutor requested a bench warrant and asked that the case be continued for one week, still within the six-month statutory speedy trial period. The prosecutor indicated to the court that the People could not prove their case without M.T.'s testimony. The court denied the request for a continuance because the prosecutor provided no indication that M.T. intended on cooperating. Then, at Senette's request, the court dismissed the case.
II. Jurisdiction
¶ 5 As a threshold matter, we address our jurisdiction to consider this appeal. Allison v. Engel , 2017 COA 43, ¶ 22, 395 P.3d 1217 (court of appeals has duty to address its jurisdiction even if not raised by the parties).
¶ 6 Prosecution appeals are permitted in Colorado by section 16-12-102, C.R.S. 2017. See People v. George , 2017 COA 75, ¶ 23, --- P.3d ----. That statute provides that any order of a court that "dismisses one or more counts of a charging document prior to trial ... [constitutes] a final order that shall be immediately appealable." § 16-12-102(1). Here, the trial court dismissed the charges against Senette prior to trial. Therefore, the statute vests us with jurisdiction to consider the People's appeal arising from that dismissal.
III. Analysis
¶ 7 The People argue that the trial court erred by denying its motion for a continuance and dismissing the case. We agree with both contentions.
A. Continuance
¶ 8 We review trial court's ruling on a motion to continue for an abuse of discretion. People v. Ahuero , 2017 CO 90, ¶ 11, 403 P.3d 171. A trial court abuses its discretion if its ruling is manifestly arbitrary, unreasonable, or unfair, or is based on an erroneous understanding or application of the law. People v. McFee , 2016 COA 97, ¶ 17, 412 P.3d 848.
¶ 9 "In determining whether a continuance should be granted, the trial court must consider the peculiar circumstances of each case and balance the equities on both sides." People v. Fleming , 900 P.2d 19, 23 (Colo. 1995). When the continuance is sought to locate a missing witness, the court may consider whether the movant exercised due diligence to secure the witness's attendance. Peoplev. Crow , 789 P.2d 1104, 1106 (Colo. 1990). Other factors relevant to the trial court's inquiry include the prejudice the movant would suffer from the denial of a request for a continuance, whether that prejudice would be cured by the continuance, and the prejudice to the nonmoving party if the continuance is granted. People in Interest of D.J.P. , 785 P.2d 129, 132 (Colo. 1990).
1. Due Diligence
¶ 10 A prosecutor demonstrates diligence by using "available legal mechanisms" to secure a witness's attendance at trial. People v. Wolfe , 9 P.3d 1137, 1142 (Colo. App. 1999). In this case, the prosecutor and the prosecution's investigators knew where M.T. lived and worked; had been in contact with M.T. by phone and text message throughout the case, including on the morning of trial; and had personally served her with a subpoena to attend trial. These facts show that the prosecutor was diligent in procuring M.T.'s attendance at trial. See People v. Mann , 646 P.2d 352, 357 (Colo. 1982) ("[U]nder some circumstances, failure of a court to grant a *564 continuance when a witness who has been subpoenaed fails to appear requires reversal."). But the record does not show that the trial court accorded weight to these facts when ruling on the prosecutor's motion to continue. Crow , 789 P.2d at 1106 (a court must evaluate all of the circumstances surrounding the requested continuance). It was arbitrary for the trial court to deny the requested continuance without recognizing the prosecutor's diligence in attempting to procure M.T.'s attendance at trial.
2. Effectiveness of the Continuance
¶ 11 A court may consider the effect a continuance will have on procuring a witness's attendance. Arellano v. People , 174 Colo. 456, 460, 484 P.2d 801, 803 (1971) (no abuse of discretion when trial court denied continuance because there were "reasonable grounds" to conclude that witnesses could be found); People v. Mandez , 997 P.2d 1254, 1266 (Colo. App. 1999) (court did not abuse its discretion by denying a continuance when it was uncertain whether a missing witness could be located). Here, the trial court placed the most emphasis on the fact that a continuance would do little to procure M.T.'s attendance at trial. But the trial court made this determination without considering whether a bench warrant would increase the likelihood that M.T. would appear in court to testify.
¶ 12 When a subpoenaed witness fails to appear at trial, the court, at the request of the subpoenaing party, "shall issue a bench warrant directing that any peace officer apprehend the person and produce the person in court." Crim. P. 17(h)(2)(A). The trial court did not grant a bench warrant despite the prosecutor's request.[1] More importantly, the court concluded that a continuance would do little to procure M.T.'s attendance at trial without placing any weight on the fact that an active bench warrant during the period of any continuance would help compel M.T.'s attendance and make it far more likely she would appear at the rescheduled trial. The prosecutor could not obtain a bench warrant until the morning of trial. See Crim. P. 17(h)(2)(A). So, even though the prosecutor expressed a suspicion during the pretrial conference that M.T. would not appear at trial, a bench warrant did not become a legal mechanism available to her until M.T. failed to appear the morning of trial.
¶ 13 In addition, this was not a situation where a bench warrant would be of little value. See, e.g. , Mandez , 997 P.2d at 1266 (upholding the denial of a continuance when court had reason to believe that missing witness was out of state and a bench warrant would be ineffective in securing the witness's attendance). The prosecutor's investigator was on the phone with M.T. the morning of trial. The prosecutor knew where M.T. lived and worked. There is nothing in the record indicating that the trial court considered these facts in reaching its conclusion regarding the futility of a continuance. To the contrary, under these circumstances, it is reasonable to think the bench warrant would have increased the likelihood that M.T. would appear at trial.
¶ 14 Moreover, the trial court's conclusion that a bench warrant would be of little help was based on facts that lack record support. After the prosecutor requested a bench warrant, she relayed to the court a text message from her investigator. That text message stated: "Just got off the phone with [M.T.]. She's waffling. I told her you were going to ask for a warrant if she didn't show. I told her to call me back if she needed a ride. I'll keep you posted." After some back and forth discussion with both counsel, the trial court stated that it was going to take a ten minute recess and if M.T. had not arrived, the charges would be dismissed because the trial court had not received "any indication from the People that [M.T.] intends on cooperating." But neither the text message, nor any other communication that the prosecutor received from M.T., supports the conclusion that M.T. would continue to refuse to cooperate even if there were a warrant out for her arrest. In short, the trial court's conclusion is based on conjecture and does not address the possibility that the warrant might change *565 M.T.'s mind or be effective in compelling her appearance.
¶ 15 Crim. P. 17(h)(2)(A) dictates that a party's remedy when a subpoenaed witness fails to appear is the issuance of a bench warrant, but the trial court foreclosed that remedy by ruling on the continuance without first issuing the bench warrant. The trial court, therefore, misapplied the law by deciding that a continuance would be of little help without considering the effect of a bench warrant.
3. Prejudice
¶ 16 In denying the motion, the trial court concluded that Senette would be prejudiced but gave no consideration to the fact that the prosecution would be unable to prove its case without M.T., whose attendance the prosecution could compel with the issuance of a bench warrant. This was error. D.J.P. , 785 P.2d at 132 (In ruling on a continuance, trial court must consider "the resulting prejudice to the moving party ... as well as the prejudice to the opposing party.").
¶ 17 The prejudice the prosecution suffered was evident. M.T.'s testimony was essential to the case, and by the prosecutor's admission, the prosecution would not be able to prove its case without M.T.'s testimony. Dismissing the charges before issuing a bench warrant deprived the prosecutor of the chance to prove her case with the aid of the only remedy available to her to procure the attendance of a witness who fails to appear-a bench warrant.
¶ 18 Senette does not dispute that the prosecutor was prejudiced by the denial of a continuance and bench warrant, but instead argues that any error should be disregarded because the prejudice he would have suffered greatly outweighed any prejudice the prosecution suffered. The prospect of spending additional time in jail would undoubtedly prejudice Senette. But even when the prejudice to one side is clear, the trial court must balance the equities for both parties. Id. ; see also People v. Hrapski , 718 P.2d 1050, 1054 (Colo. 1986) (denying a continuance was an abuse of discretion where denial prejudiced the prosecution but not the defense). Nor did the court consider whether the prejudice to Senette could be mitigated, for example by resetting trial within the speedy trial deadline or modifying Senette's bond conditions.
¶ 19 Because the record reveals that the trial court considered only those factors that favored Senette when ruling on the prosecution's request for a continuance, its decision on the motion to continue was arbitrary. Further, the trial court abused its discretion by misapplying the law regarding the issuance of a bench warrant as a remedy to procure the attendance of a missing witness.
B. Dismissal
¶ 20 The People next contend that the trial court erred by dismissing the charges after denying the continuance. We agree.
¶ 21 The trial court's decision to dismiss the charges was a consequence of its decision to deny the prosecution's request for a continuance. Despite Senette's contention to the contrary, the two decisions simply cannot be separated. Because we conclude that the trial court erred in denying the motion for a continuance, it follows that the trial court erred in dismissing the case.
¶ 22 Senette argues that the trial court did not dismiss on its own accord, but rather accepted the prosecutor's admission that the prosecution would not have sufficient evidence for a conviction without M.T.'s testimony. In this vein, Senette contends that we should analyze this dismissal as a voluntary dismissal by the prosecutor. But even if the prosecutor voluntarily dismissed the charges after the trial court denied its continuance, the prosecutor could appeal that ruling. See People v. Gabriesheski , 262 P.3d 653, 656 (Colo. 2011) (prosecutor may appeal trial court's ruling on defense motion in limine even though prosecution voluntarily dismissed charges after admitting it lacked sufficient evidence for a conviction given the trial court's grant of defense motions). Further, because jeopardy did not attach, nothing prevents the reinstatement of charges against Senette. People v. Leverton , 2017 COA 34, ¶ 25, 405 P.3d 402 (in a jury trial, jeopardy attaches when jury is selected or sworn).
*566 ¶ 23 The trial court erred in ruling on the prosecutor's request for a continuance and because the trial court's dismissal of charges was a direct result of that erroneous decision, the trial court's error extended to the dismissal. Accordingly, we reverse the trial court's order to dismiss.
IV. Conclusion
¶ 24 The trial court's order dismissing the case is reversed and the case is remanded with directions to reinstate the charges and set the matter for trial pursuant to section 18-1-405(6).
JUDGE DAILEY and JUDGE HAWTHORNE concur.

This was error because Crim. P. 17(h)(2)(A) does not give a trial court discretion to issue a warrant to compel the attendance of a properly served witness. People v. Valadez , 2016 COA 62, ¶ 17, 374 P.3d 529 (use of "shall" imposes a mandatory requirement).